**In re Herman Neil YOUNG, Debtor.**

**Civ. A. No. 88–2460.**

United States District Court,
E.D. Louisiana.

Aug. 30, 1988.

Thomas E. Schafer, III, New Orleans, La., for plaintiff.

David V. Adler, Trustee, Metairie, La., for respondent.

## MEMORANDUM OPINION

MENTZ, District Judge.

The bankrupt in this matter desires to convert his Chapter 7 proceeding into a Chapter 13 proceeding. This application was filed on May 22, 1987 and at the same time an amended schedule of debts and a Chapter 13 plan was filed. The bankruptcy judge found that the realignment of debts placed twenty-three creditors on Schedule A–3 reflecting that their debts were unsecured. Three creditors, American Construction Company, Corsair Construction Company, and Schrader & Young, Inc., were granted a relief from the automatic stay of Section 362 of the Bankruptcy Code on July 30, 1987 in order that they might be entitled to proceed in state court for the purpose of liquidation of their respective claims.

Section 706(a) of the Bankruptcy Code provides that the debtor in a Chapter 7 proceeding may convert his case to Chapter 13 *at any time.* Section 109(e) of the Bankruptcy Code provides the eligibility requirements of an individual to file a Chapter 13 proceeding as follows:

> Only an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $100,000.00 and non-contingent, liquidated, secured debts of less than $350,000.00, or an individual with regular income and such individual's spouse, except a stockbroker, or a commodity broker, that owe, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts that aggregate less than $100,000.00 and non-contingent, liquidated, secured debts of less than $350,000.00, may be a debtor under Chapter 13 of this title.

The Court notes that the eligibility requirement refers to debts as of "the date of the filing of the petition."

The bankruptcy court ordered a hearing to determine the nature of the bankruptcy debts in order to establish that the debtor met the eligibility requirements of Section 109(e). The Court found that the debtor failed to offer any proof or introduce any evidence regarding the nature of the debts and for this reason found the debtor not eligible to convert to Chapter 13.

However, the Court had permitted the bankrupt to file an amended schedule of debts at the time the Chapter 13 plan was offered. This Court is of the opinion that the bankruptcy judge should have permitted the conversion to Chapter 13 on the basis of the record as it stood, having permitted the amended schedule to be filed.

The revised schedule filed with the motion to convert reflected secured debts of $53,439.82 and unsecured debts of $43,044.00 which is clearly within the perimeters of Section 109(e).

Accordingly, the Court will permit the debtor to convert to Chapter 13. The Court notes that the response filed by David Adler, trustee, for the bankrupt recites as follows:

> Although the claims which are intended to be allowed are less than $100,000.00, other claims exist which, if they had been filed timely, would be allowed. The net sum would then exceed $100,000.00.

At a hearing held in this office, the trustee indicated that his opposition at most was nominal and that he did not ask his attorney to be present for this reason.

At the hearing the parties also discussed the possible sale of the annuity, which is being paid to the estate in monthly payments, and which could possibly result in the payment of all creditors.

Accordingly,

IT IS ORDERED that the annuity not be paid or redeemed without the specific permission of the bankruptcy judge.

IT IS FURTHER ORDERED that the debtor be authorized to convert his Chapter 7 proceeding into a Chapter 13 proceeding.