**In re Shirley O. SAFLEY.**

**Bankruptcy No. PB 90–304S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Oct. 7, 1991.

Keith Grayson, Little Rock, Ark., for debtor.

Frederick Wetzel, Little Rock, Ark., for trustee.

Walter Dickinson, Little Rock, Ark., trustee.

Kathryn Gearhart, Little Rock, Ark., for American States Ins. Co.

JoAnn Goldman, Little Rock, Ark., for U.S. trustee.

### ORDER DENYING DEBTOR'S MOTION TO CONVERT CASE

MARY D. SCOTT, Bankruptcy Judge.

Debtor's Motion to Convert this case from Chapter 7 to Chapter 13 is before the Court. A hearing was held September 17, 1991. Keith Grayson, Esq. appeared for the debtor who did not appear personally. Frederick Wetzel, Esq. appeared on behalf of the Trustee, Walter Dickinson, who was also present. Kathryn Gearhart, Esq. appeared on behalf of American States Insurance Company ("American States").

This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 1334(a) and 157(a). Moreover, the Court finds that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in section 157(b)(2)(A) and (O).

The Chapter 7 case, filed August 15, 1990, was initially determined to be a no-asset case by the Trustee. In part, this was because the debtor's petition schedules listed real property valued at $12,500.00 and personal property valued at $200.00 all of which she claimed exempt and liabilities of $154,302.00. Debtor's monthly income was reported to be $400.00 with monthly expenses in the same amount. Debtor received a discharge pursuant to 11 U.S.C. § 727 on February 7, 1991. No objections to discharge (11 U.S.C. § 727) or dischargeability (11 U.S.C. § 523) were filed.

Soon after debtor received a discharge the Trustee discovered that the debtor failed to list all of her assets and withdrew his no-asset report. In July, debtor filed an amendment to her schedules disclosing ownership of approximately two (2) acres of real property as well as additional personal property. She also amended her exemptions to include the additional assets and claimed all exempt as her homestead with a value of $50,000.00. The Trustee filed an objection to the exemptions. He also noticed his intent to sell the debtor's real property at a private sale. The debtor objected. The sale was cancelled, but the Trustee sent a new notice of his intent to sell the same property at a public sale. Before that sale could take place, however, debtor filed this Motion to Convert her Chapter 7 case to a Chapter 13 case. She does not seek to have her Chapter 7 discharge revoked nor does she submit amended schedules.

The Trustee objects to conversion of the case contending that the debtor is only trying to circumvent liquidation of property

which she did not list and is not entitled to exempt and avoid revocation of her discharge. American States, a judgment creditor in the amount of $69,270.00, also objects to conversion for essentially the same reasons.[1] Debtor contends, pursuant to 11 U.S.C. § 706(a), that she has an absolute right to convert her Chapter 7 case to a Chapter 13 case "at any time."

The Court has reviewed the entire file before it and considered the parties' arguments. For the following reasons the debtor's Motion to Convert is denied because the evidence established that the debtor is either ineligible for Chapter 13 relief or that there is no necessity for such relief.

Courts, including appellate courts, have considered the question before the Court; whether and at what time a Chapter 7 debtor who has not previously converted a case has an absolute right to convert a case to one under Chapter 13. The majority of courts have concluded a debtor may do so at any time. Some have even permitted conversion notwithstanding a determination of nondischargeability or debtor's fraudulent conduct in the case to date. *In re Street*, 55 B.R. 763 (BAP 9th 1985); *In re Jennings*, 31 B.R. 378 (Bankr.S.D.Ohio 1983); but see contra, *In re Calder*, 93 B.R. 739 (Bankr.D.Utah 1988).

■ Particularly noteworthy in all of these cases is an underlying presumption that the debtor meets eligibility requirements for Chapter 13. The "absolute" right to convert to a Chapter 13 must presume eligibility. To conclude otherwise would result in an anomaly. See, in this regard *In re Young*, 91 B.R. 730 (Bankr. E.D.Va.1988) and *In re Walker*, 77 B.R.

803 (Bankr.D.Nev.1987). Conversion of the case is not intended to establish additional rights. *Matter of Meltzer*, 84 B.R. 312 (Bankr.D.Conn.1988).

■ It is true that the Bankruptcy Code is unequivocal in its statement of the right to convert.[2] Further, legislative history of this section makes it clear that Congress intended to encourage conversions in order that a debtor "be given the opportunity to repay his debts." S.Rep. No. 989, 95th Cong., 2d Sess. 380, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5880. H.R.Rep. No. 595, 95th Cong.2d Sess. 94, reprinted in 1978 U.S.Code Cong. & Admin.News 5963, 6336. What is not clear, and what confuses the issue under the facts in this case, is what effect a motion to convert has on a previously-granted discharge. The cases are not helpful. The Code only provides that conversion may take place "at any time."

As noted earlier the debtor in this case does not seek to set aside her discharge in order that she might now propose a plan to repay her debts. Debtor has submitted no new schedules. A review of her file in this proceeding reveals that she listed no secured creditors but did list $154,302.00 of unsecured debt. The schedules reveal that she disputed only $25,000.00 of this amount. Hence, on the day her petition was filed, she owed $129,302.00 of noncontingent, unsecured debt. If it is her intent to repay these debts she is not eligible for relief under Chapter 13. 11 U.S.C. § 109(e).[3]

If a debtor has been granted a discharge in a Chapter 7 and does not seek to set the discharge aside, then moves to convert the

---

**1.** American States on August 30, 1991, filed a separate adversary proceeding seeking to revoke debtor's discharge.

**2.** 11 U.S.C. § 706(a) provides:
(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1307, or 1208 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

**3.** 11 U.S.C. § 109(e) provides:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

case to a Chapter 13, it follows that only those debts not discharged and/or secured debts are the surviving claims which may be included in a payment plan pursuant to Chapter 13. That is the effect of a discharge. 11 U.S.C. § 524. Conversion under these circumstances clearly presumes that, in fact, there are surviving debts and payment of these obligations needs orderly restructuring under a Chapter 13 plan. The only other possible conclusion a court could reach is that the request to convert in order to pay debts somehow implies that the discharge should be set aside automatically. This conclusion, however, is wholly unsupported by the Code and case authority. The finality of a discharge order must be accorded special consideration. *In re Jones,* 111 B.R. 674, 679–80 (Bankr. E.D.Tenn.1990); *In re Tuan Tan Dihn,* 90 B.R. 743, 745 (Bankr.E.D.Pa.1988). Hence, the more logical interpretation is that the debtor intends that only debts surviving the Chapter 7 discharge need be part of the Chapter 13 plan. The Court must presume the debtor in this case wishes to retain her discharge because she does not seek to set it aside and has pre-empted a creditor's attempt to revoke it with this Motion to Convert. In that case the evidence reveals there are no debts remaining for which she is liable. Her request to convert is meaningless.

Finally, the Court notes that the debtor lists income of only $400.00 and expenses equal to this amount. Thus, even if the debtor could get over the eligibility and/or necessity hurdles outlined above she has no income to fund a plan. The entire procedure in this case is an exercise in futility.

Under the circumstances adequate grounds have been established to deny the debtor's Motion to Convert. See also, in this regard, *Matter of Martin,* 880 F.2d 857 (5th Cir.1989).

IT IS SO ORDERED.