In re Alexander Charles
WALLACE, Debtor.

ENTERPRISE NATIONAL BANK OF
SARASOTA, et al., Plaintiffs,

v.

Alexander Charles WALLACE,
Defendant.

In re Eugene STUTZMAN, Debtor.

ENTERPRISE NATIONAL BANK OF
SARASOTA, et al., Plaintiffs,

v.

Eugene STUTZMAN, Defendant.

Bankruptcy Nos. 94–02545–
8C7, 94–2547–8C7.
Adv. Nos. 94–374, 94–375.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 21, 1995.

Michael Moran, Joy & Moran, Sarasota, Florida, Traci Strickland, Trustee, St. Petersburg, Florida, for Mr. Wallace and Mr. Stutzman.

Robert E. Messick, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, Florida, for Enterprise National Bank of Sarasota.

Bernard J. Morse, IV, Bernard J. Morse, P.A., Tampa, Florida, for Traci Strickland, Trustee.

*ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SCHEDULING PRELIMINARY PRE-TRIAL AND DISCOVERY CONFERENCE*

C. TIMOTHY CORCORAN, III,
Bankruptcy Judge.

These adversary proceedings came on for consideration of the motion for summary

judgment filed by the plaintiffs. Each proceeding is a proceeding to deny a discharge to the respective Chapter 7 debtor. Both proceedings came on before the court for preliminary pretrial and scheduling conference on September 12, 1994. Because of the commonality of the issues, the court consolidated the two adversary proceedings for purposes of discovery, pretrial proceedings, and trial. The court also permitted the Chapter 7 trustee in each case, Traci Strickland, to intervene as a party plaintiff.

In the complaint filed in the adversary proceeding involving the debtor, Alexander Charles Wallace, the plaintiffs, Enterprise National Bank and the Chapter 7 trustee, allege that the Chapter 7 discharge should be denied as follows:

Count I, Section 727(a)(2)(A) [transferring, removing, destroying, mutilating, concealing property within one year of the filing of the case with the intent to hinder, delay, or defraud a creditor or the trustee].

Count II, Section 727(a)(2)(B) [transferring, removing, destroying, mutilating, concealing property after the filing of the case with the intent to hinder, delay, or defraud a creditor or the trustee].

··Count III, Section 727(a)(3) [concealing, destroying, mutilating, falsifying, or failing to keep or preserve records].

Count IV, Section 727(a)(4)(A)–(B) [making a false oath or account and presenting or using a false claim knowingly and fraudulently in connection with the case].

Count V, Section 727(a)(5) [failing to satisfactorily explain a loss of assets].

In the complaint in the adversary proceeding involving the debtor, Eugene Stutzman, the plaintiffs, Enterprise National Bank and the Chapter 7 trustee, allege that the Chapter 7 discharge should be denied as follows:

Count I, Section 727(a)(2)(A) [transferring, removing, destroying, mutilating, concealing property within one year of the filing of the case with the intent to hinder, delay, or defraud a creditor or the trustee].

Count II, Section 727(a)(2)(B) [transferring, removing, destroying, mutilating, concealing property after the filing of the case with the intent to hinder, delay, or defraud a creditor or the trustee].

The plaintiffs [1] have moved for summary judgment.[2] The plaintiffs urge that, with respect to the plaintiffs' claims stated in the first two counts of each complaint, the respective defendants are precluded as a consequence of the application of collateral estoppel from relitigating the factual determinations previously made by the court in connection with the court's orders denying in each case the debtors' motions to convert to a case under Chapter 11. Applying the facts found by the court in connection with that matter to this adversary proceeding, the plaintiffs urge, compels the conclusion that the discharge of each debtor should be denied as a matter of law under F.R.Civ.P. 56 because the court has already found that each debtor has transferred, removed, destroyed, mutilated, or concealed property within one year before the date of the filing of each case and after the date of the filing of each case with the intent to hinder, delay, or defraud creditors or the trustee.

*Halpern v. First Georgia Bank (In re Halpern),* 810 F.2d 1061 (11th Cir.1987), sets forth the applicable law as to the court's utilization of collateral estoppel principles in discharge and dischargeability litigation. In *Halpern,* the court of appeals held that the bankruptcy court may use facts established in prior litigation as "evidence of non-dischargeability" in the discharge or dischargeability litigation when three elements are present. Those elements are:

1. Although the plaintiff, Enterprise National Bank of Sarasota, through its counsel, filed the motion for summary judgment, based upon the September 12, 1994, preliminary pretrial and scheduling conference and the provisions of the first case management order entered thereafter, the court understands that the motion has been filed on behalf of both plaintiffs, including Chapter 7 trustee.

2. The case management order further established that the summary judgment motion would be determined by the court on the papers with the necessary notice required by *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984).

1. The issue at stake must be identical to the one involved in the prior litigation;

2. The issue must have been actually litigated in the prior litigation; and

3. The determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action. *Id.* at 1064.

Based on these principles, the court must therefore examine the prior decision to determine if these requirements are met. The prior litigation that plaintiffs urge gives rise to the application of collateral estoppel in these consolidated discharge proceedings was this:

A Florida corporation, Eugene Alexander, Inc., filed a Chapter 7 bankruptcy case in this court on February 23, 1994, Case No. 94–01747–8C7. Subsequently, the individual debtors, Alexander Charles Wallace and Eugene Stutzman, filed separate voluntary petitions under Chapter 7 on March 15, 1994. The Wallace case is Case No. 94–02545–8C7, and the Stutzman case is Case No. 94–02547–8C7. Mr. Wallace and Mr. Stutzman were the principals and persons in actual control of the corporate debtor, Eugene Alexander, Inc.

On April 29, 1994, the corporate and individual debtors filed separate motions, in each case, to convert their Chapter 7 cases to cases under Chapter 11 of the Bankruptcy Code. The court consolidated the three motions for purposes of discovery and trial and conducted a consolidated final evidentiary hearing on July 22, 1994. Following that hearing, the court entered consolidated findings of fact and conclusions of law on August 19, 1994 (Document No. 44 in the corporate case; Document No. 80 in the Wallace case; Document No. 50 in the Stutzman case) and contemporaneously entered final orders denying the motions to convert (Document No. 43 in the corporate case; Document No. 79 in the Wallace case; Document No. 49 in the Stutzman case). It is these orders, particularly the findings of fact and conclusions of law, that the plaintiffs now urge establish the

facts requiring the denial of the defendants' discharges.

As established in those findings of fact and conclusions of law, the issues [3] tried and determined by the court were:

1. Whether or not each debtor has a reasonable likelihood of rehabilitation and has the ability to effectuate a Chapter 11 plan.

2. Whether, in each case, there has been fraud and dishonesty by the debtor (or debtor's management in the corporate case of Eugene Alexander, Inc.).

These issues were critical to the debtors' motions to convert for this reason. Although the court determined that each of the three debtors was entitled to convert the debtor's Chapter 7 case to a case under Chapter 11 pursuant to the provisions of Section 706(a) of the Bankruptcy Code, the court determined that it should nevertheless not permit conversion if "cause" exists to convert a Chapter 11 case to a case under Chapter 7 or to dismiss a Chapter 11 case pursuant to the provisions of Section 1112(b) of the Bankruptcy Code. In other words, as the court determined, to permit a conversion from Chapter 7 to Chapter 11 in circumstances where cause existed to immediately reconvert to Chapter 7 or dismiss would be a futile and wasted act. The court further held that either of the two issues requiring trial, that is, (1) no reasonable likelihood of rehabilitation and the inability to effectuate a Chapter 11 plan and (2) fraud and dishonesty, would constitute cause requiring such re-conversion or dismissal.

Finding the facts separately as to each individual debtor, the court concluded that none of the debtors had a reasonable likelihood of rehabilitation and the ability to effectuate a Chapter 11 plan and that each of the debtors had committed fraud and dishonesty. Accordingly, the court denied each of the three motions to convert and each of the cases has therefore been continuing as a case under Chapter 7.

■ As to fraud and dishonesty of Alexander Charles Wallace, the court made specific

---

3. In the prior litigation, the court placed the burden of production and persuasion on the objecting creditor, Enterprise National Bank of

Sarasota, by a preponderance of the evidence. The plaintiffs similarly have the identical burdens in this discharge litigation.

factual findings with respect to a pattern of pre- and post-petition transferring, removing, and concealing property within the year before the filing of his case that was his property and, after the filing of the case, property that was property of his estate. This is set forth at pages 6 through 8 of the findings and conclusions.[4] The issue at stake in the prior litigation on this point is identical to the issue involved in this discharge litigation. The issue was actually litigated before. Although Mr. Wallace did not attend the final evidentiary hearing held on July 22, 1994, he was represented by counsel who vigorously cross-examined the witnesses called by Enterprise National Bank of Sarasota. Finally, the determination of the issue in the prior litigation was a critical and necessary part of the court's final order or judgment in that earlier litigation for the reasons previously explained.

The court concludes, therefore, that Mr. Wallace is collaterally estopped in this discharge litigation from relitigating the factual determinations previously made by the court to the effect that he transferred, removed, and concealed his property within one year before the filing of the petition and property of the estate after the date of the filing of the petition. The plaintiffs are entitled to summary judgment on this point. The findings of fact and conclusions of law entered by the court in the prior litigation, however, are silent on the issue of Mr. Wallace's intent in connection with making those transfers. Although it is implicit in the court's findings that the court, on that record, was satisfied that Mr. Wallace had engaged in fraudulent and dishonest conduct, the court did not and was not required to make a finding that Mr. Wallace transferred, removed, and concealed the property with the specific intent to hinder, delay, or defraud a creditor or the Chapter 7 trustee. The specific intent issue required by Section 727(a)(2)(A) and (B), as set forth in Counts I and II, therefore requires evidentiary development at trial. In addition, of course, the issues framed in Counts III, IV, and V of the complaint are not

addressed in the pending motion for summary judgment, and those issues therefore must also come on for trial.

■ Regarding the issue of fraud and dishonesty of Eugene Stutzman, the court made specific findings of fact at pages 8 and 9 of the findings of fact and conclusions of law. Importantly, the court found there that Mr. Stutzman had participated in the transferring and secreting of the corporate assets of Eugene Alexander, Inc., and of Alexander Charles Wallace, and of the assets of those estates. The court made no specific findings that Mr. Stutzman had transferred, removed, or concealed his own property within one year of the date of the filing of his petition or property of his estate after the date of the filing of his petition.

■ The provisions of Section 727(a)(2)(A) and (B) are case specific. In other words, the hiding of the property that is required to result in the denial of a discharge under those sections must be property involved in the debtor's case. The hiding of property in some other bankruptcy case will not, under those sections, result in the denial of a debtor's discharge in his case. Because the court has not found that Mr. Stutzman transferred, removed, or concealed his property or the property of his estate, there can be no collateral estoppel effect in his discharge proceeding as a consequence of the findings and conclusions entered in the prior litigation. As a consequence, the plaintiffs are not entitled to any summary judgment with respect to Mr. Stutzman.

In their opposing brief and affidavits, the defendants argue that Enterprise National Bank is not a creditor in either of their cases. Although it appears that the bank has not filed a proof of claim in either case, the issue of the bank's creditor status as required by Section 727(a)(2)(A) and (B) appears one that will require evidentiary development at trial. In addition, the defendants urge that the bank conducted the prepetition sale of the assets of Eugene Alexander, Inc., that were

---

**4.** The court's findings of fact and conclusions of law at pages 5 through 6 also establish how Mr. Wallace and Mr. Stutzman participated in a pattern of secreting the assets of the corporate debt-

or, Eugene Alexander, Inc. At pages 6 through 8, the court also describes Mr. Wallace's conduct in secreting corporate assets as well as those of his own and his bankruptcy estate.

the bank's collateral in a commercially unreasonable manner. Although this may be relevant to the determination of the *amount* of the bank's deficiency claim, it is hard for the court to see the relevance of that at this point in the discharge litigation when the bank has not filed a proof of claim in either case and neither the trustee nor the debtors have therefore objected to such a proof of claim.

To summarize, the court holds as follows:

A. With respect to Alexander Charles Wallace, Mr. Wallace is collaterally estopped from re-litigating the matters as to his transferring, removing, and concealing his property and the property of his estate as described in the findings of fact and conclusions of law at pages 6 through 8. Otherwise, Counts I and II of his complaint will come on for trial on the intent issue, and Counts III, IV, and V shall also come on for trial.

B. With respect to Eugene Stutzman, there is no collateral estoppel effect with respect to Mr. Stutzman's alleged transferring, removing, or concealing his property or property of his estate because the court, in the prior litigation, made no such findings. All issues will therefore come on for trial with respect to his discharge complaint.

In view of the foregoing, therefore, the court hereby rescinds the suspension of discovery set forth in paragraph 5 of the first case management order. In addition, the court will conduct a continued F.R.Civ.P. 16(a) and (b) preliminary pretrial and scheduling conference in Courtroom D, 3rd Floor, 4921 Memorial Highway, Tampa, Florida, on May 16, 1995, at 2:30 o'clock p.m. The attorneys of record and all unrepresented parties shall meet beforehand as required by F.R.Civ.P. 26(f), but it shall be sufficient for the parties to present their proposed discovery plan orally at the conference rather than in a written report.

DONE and ORDERED.