**Burma Jean MARTIN, Appellant,**

v.

**Richard COX, Trustee, et al., Appellee.**

**No. LR–C–96–686.**

United States District Court,
E.D. Arkansas,
Western Division.

Dec. 17, 1996.

---

**572**

Keith L. Grayson, Grayson & Grayson, P.A., North Little Rock, AR, for appellant.

Stephen Niermann, Niermann & Olivo, Carrollton, TX, for appellee.

1. The Honorable Mary Davies Scott, presiding.

James F. Dowden, Grobmyer, Ramsay & Ross, Little Rock, AR, for trustee.

### ORDER

WILSON, District Judge.

This matter comes before the Court as an appeal from a ruling in the United States Bankruptcy Court denying Appellant's motion to convert her chapter 7 case to a case under chapter 13 of the bankruptcy code.[1] In any bankruptcy appeal, the district court must accept the findings of fact elicited by the Bankruptcy Court as true, unless the findings were clearly erroneous, while the Bankruptcy Court's conclusions of law are reviewed *de novo*. *In re Muncrief,* 900 F.2d 1220, 1224 (8th Cir.1990).

The debtor in this case, Burma Jean Martin ("Appellant"), initiated a chapter 7 bankruptcy petition *pro se* on September, 20, 1995. Appellant then filed a motion with the Bankruptcy Court to convert to chapter 13. On June 28, 1996, the Bankruptcy Judge denied Appellant's motion after a lengthy hearing was held. At the conclusion of the hearing, the Judge made oral findings of fact and conclusions of law. In her findings of fact, the Bankruptcy Judge found Appellant to be "conniving, distrustful and not truthful." (Tr. 284). Further, the Court concluded that Appellant had falsified documents; failed to list significant assets when filing her bankruptcy petition; omitted pertinent information in the amended schedules; failed to file a federal or state tax return since 1988; made false representations to a Texas bankruptcy court; violated a preliminary injunction issued by the Bankruptcy Court regarding pending litigation in Texas; and falsified a tax return to obtain a loan. In conclusion, the Judge stated that this was the most extreme case she had ever seen of "bad faith [and] manipulation." (Tr. 288).

The Bankruptcy Court's legal conclusion was that Appellant's bad faith in filing her chapter 7 petition, and all of the legal manipulations surrounding her efforts to convert to chapter 13, constituted "extreme circumstances," barring conversion to chapter 13.

As previously stated, this Court must accept as true the Bankruptcy Court's findings of fact, unless such findings are clearly erroneous. *See In re Muncrief, supra.* The Court has reviewed the record, including the transcript and Appellant's and Appellee's informative briefs, and concludes that the record is replete with evidence suggestive of Appellant's bad faith, dishonesty, and fraudulent conduct. Accordingly, the Bankruptcy Court's findings of fact will not be disturbed and will be taken as true for purposes of this Court's legal analysis.

The relevant statute regarding conversion provides, in pertinent part:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 or this title at any time, if the case has not been [previously] converted.

(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

*11 U.S.C. § 706(a) & (d).* 11 U.S.C. § 1325, in relevant part, describes the requirements for confirmation of a chapter 13 plan:

(a) . . . the court shall confirm a plan if—(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title; [and] (3) the plan has been proposed in good faith and not by means forbidden by law.

*11 U.S.C. § 1325.*

■ Appellant argues that § 706 mandates that a debtor be allowed a one-time absolute right to convert, so long as the debtor is eligible for the chosen chapter. Appellee, on the other hand, argues that while in most cases conversion is absolute, a court may bar conversion if extreme circumstances exist.

The legislative history behind § 706 appears to be consistent with Appellant's position. Pursuant to Public Law 95–598 regarding the Bankruptcy Reform Act of 1978, § 706 "gives the debtor the one-time absolute right of conversion of a liquidation case to a reorganization or individual repayment plan." *H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong.,* 

*2d Sess. 94 (1978).* The legislative history further provides, "[t]he policy of the provision is that the debtor should always be given the opportunity to repay his debts, and a waiver of the right to convert a case is unenforceable." *Id.*

■ The case law interpreting § 706, however, suggests that the right to convert is only absolute absent "extreme circumstances," amounting to bad faith. *See In re Jeffrey,* 176 B.R. 4 (D.Mass.1994); *In re Spencer,* 137 B.R. 506 (N.D.Okla.1992); *In re Martin,* 880 F.2d 857 (5th Cir.1989); *In re Safley,* 132 B.R. 397 (Bank.E.D.Ark.1991); *In re Calder,* 93 B.R. 739 (Bank.D.Utah 1988). In these cases, extreme circumstances have been found to result from failure to disclose assets to the court, an attempt to escape debts rather than repay them, fraudulent misrepresentations to the court, and manipulation of the Bankruptcy Code. Accordingly, courts have denied motions to convert if these "extreme circumstances" are present.

After a *de novo* review of the record with respect to the Bankruptcy Court's legal conclusion, this Court finds that no error was committed when the Bankruptcy Judge refused to convert Appellant's chapter 7 case to a chapter 13 case. The Bankruptcy Judge made a clear finding of bad faith, wholly supported by the record, including Appellant's own testimony, and her analysis that such bad faith precluded conversion was correct. It appears Appellant has grossly misused the bankruptcy process and fraudulently misrepresented crucial facts in her bankruptcy petition. In this Court's opinion, this flagrant conduct defines "extreme circumstances" and Appellant should not be able to escape her intentionally deceitful acts without bearing the consequences of her actions.

■ The Court, therefore, affirms the Bankruptcy Court's conclusion that Appellant's motion to convert should be denied. In so holding, the Court notes that even if Appellant's motion had been granted, her ability to convert would have been conditioned on her eligibility for chapter 13. *See In re LeMaire,* 898 F.2d 1346 (8th Cir.1990);

*In re Kilker,* 155 B.R. 201 (Bank.W.D.Ark. 1993); and *In re Safley, supra.* Based on the record before the Court, it appears Appellant would not be eligible for confirmation of the chapter 13 plan due to the lack of good faith in proposing the plan. *See 11 U.S.C. § 1325.*