# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 00-6017 EM

---

| | | | |
|---|---|---|---|
| In re: Lorraine Little. | | * | |
| | | * | |
| | Debtor. | * | |
| | | * | |
| | | * | |
| Robert J. Blackwell, | | * | Appeal from the United States |
| | | * | Bankruptcy Court for the |
| | Appellant, | * | Eastern District of Missouri |
| | | * | |
| V. | | * | |
| | | * | |
| Lorraine Little, | | * | |
| | | * | |
| | Appellee. | * | |

---

Submitted: July 28, 2000
Filed: October 6, 2000

---

Before KRESSEL, SCOTT, and O'BRIEN,[1] Bankruptcy Judges.

---

SCOTT, Bankruptcy Judge

---

[1]The Honorable Dennis O'Brien, United States Bankruptcy Judge for the District of Minnesota, sitting by designation.

I

The debtor filed a chapter 7 bankruptcy petition in August 1999, also filing schedules which reflected that she owned a residence valued at $8,700, securing a debt in the amount of $4,000, and that she had monthly expenses far in excess of her income. At her section 341(a) meeting, however, the debtor testified that the value of her residence was between $20,000 and $24,000. When the debtor learned that the trustee would be administering her residence as an asset of the estate, she filed a motion to convert the case to chapter 13 and filed amended schedules. The amended schedules claimed a homestead exemption, increased her income, decreased her expenses, increased her creditors, and misrepresented that she only held a one half interest in the real property. Investigation by the trustee further revealed that the debtor obtained additional secured debt after the filing of the chapter 7 case. Based upon these facts, the trustee filed an objection to the motion to convert the case, asserting that the motion was filed in bad faith and conversion of the case would be an abuse of the bankruptcy process. Despite these infirmities, the bankruptcy court[2] permitted conversion of the case to chapter 13 on the grounds that the statute provided an absolute right to convert to chapter 13.[3] The trustee timely appealed the issues in that order.

The chapter 7 trustee did not seek a stay pending appeal, however, and, after the order of conversion was entered, the chapter 13 case proceeded. The chapter 7 trustee asserted an objection to confirmation which was overruled by the bankruptcy court. The chapter 13 plan was confirmed in May 2000, and the trustee did not appeal that order. Accordingly, the chapter 13 trustee began making distributions pursuant to the plan, including the administrative expenses claimed by the chapter 7 trustee.

---

[2]The Honorable James J. Barta, United States Bankruptcy Judge for the Eastern District of Missouri.

[3]The case authority is divided on this issue. Compare In re Cavaliere, 238 B.R. 247 (Bankr. W.D.N.Y. 1999)(absolute right to convert) with In re Kuntz, 233 B.R. 580 (B.A.P. 1st Cir. 1999)(motion to convert to chapter 13 may be denied in extreme circumstances constituting bad faith) and with In re Dews, 243 B.R. 337 (Bankr. S.D. Ohio 1999)(debtors have no absolute right to convert and motions are subject to judicial review of debtor's motives and likelihood that plan can be confirmed); In re Martin, 199 B.R. 175 (Bankr. E.D. Ark. 1996), aff'd, No. 96-686 (E.D. Ark. Dec. 12, 1996), aff'd, No. 97-1189 (8th Cir. June 19, 1997). Because the appeal is moot, we do not decide the issue.

As of June 26, 2000, a substantial amount of the administrative expenses has been paid.[4] Presumably, distributions to creditors have begun by this time.

It is axiomatic that a court must examine its own jurisdiction in determining a proceeding and, if it lacks subject matter jurisdiction, the proceeding must be dismissed. "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies....This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. To sustain our jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed, or when review was obtained in the [478] Court of Appeals..." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Accord Hickman v. State of Missouri, 144 F.3d 1141 (8th Cir. 1998). Thus, it is incumbent upon us to determine whether the continuation of the case under chapter 13 of the Bankruptcy Code renders the appeal of the order permitting the conversion to chapter 13 moot.[5]

An appeal may generally become moot upon two eventualities: if it is impossible to grant effective relief, i.e., the appellate court cannot restore the parties to their original positions, see Roller v. Worthen Nat'l Bank of Northwest Arkansas (In re Roller), 999 F.2d 346, 347 (8th Cir. 1993), or if there is no ongoing controversy, Lewis, 494 U.S. 472. In addition, in bankruptcy proceedings, the mootness doctrine also involves equitable considerations. Thus, although effective relief may conceivably be fashioned, if implementation of that relief would be inequitable, the appeal may be determined to be moot. In re Chateaugay Corp., 10 F.3d 944, 949-50, 952 (2d Cir. 1993). See In re Roller, 999 F.2d 346 (8th Cir.

---

[4]At oral argument, the Court inquired as to the status of the case and queried whether the issues in the appeal were mooted by the confirmation of the chapter 13 plan. The parties by agreement supplemented the record with information regarding confirmation and distribution, and, pursuant to the Court's request, filed supplemental briefs. Thus, the information regarding events occurring after the Notice of Appeal was filed are properly before the Court.

Of course, this is different from the situations in which parties gratuitously attempt to place facts or evidence in the record on appeal which were not included in the record at the trial court level. See, e.g., Homeside Lending, Inc. v. Green (In re Green), No. 00-6054 (B.A.P. 8th Cir. Sept. 19, 2000); Wendover Fin. Serv. v. Hervey (In re Hervey), No. 00-6030 (B.A.P. 8th Cir. Sept. 15, 2000). The issue of mootness is one of jurisdiction and we have an independent obligation to ascertain that subject matter jurisdiction exists during all phases of the appeal. Attempting to establish the merits of an appeal by placing non record evidence before an appellate court, is, in contrast, improper.

[5]It has been held that an order granting a conversion is not a final, appealable order. Fraidin v. Weitzman, (In re Fraidin), 188 B.R. 529 (D. Md. 1995), aff'd, 110 F.3d 59 (4th Cir. 1997).

1993). For example, a party's appeal from reinstatement of a reorganization case will become moot upon the conversion to chapter 7 and subsequent administration of the chapter 7 case. The failure to obtain a stay of the conversion, the appointment of the trustee, and the distribution to creditors, renders the appeal moot. In re Roller, 999 F.2d 346 (8th Cir. 1993). Similarly, a plan confirmation order may render an appeal of an issue decided prior to confirmation moot. See, e.g., In re Simpson, 240 B.R. 559 (B.A.P. 8th Cir. 1999).

The chapter 7 trustee opines that it is a simple matter to afford the parties relief. We can grant relief by vacating the bankruptcy court's order converting the case to a chapter 13. Thereafter, motions may be filed under Rule 60(b)(5), Federal Rules of Civil Procedure, to "reconsider" the order of confirmation so that it may be set aside and the chapter 7 case proceed.[6] This view is too simplistic. Since the chapter 13 plan has been confirmed and payments to claimants have begun, too much must be "undone" to place the parties in their pre-conversion positions.

If a case is converted from chapter 13 to chapter 7, the Code contemplates, and all interested persons have the expectation, that the actions taken during the chapter 13 case were valid and the parties proceeded within the confines of the statute and rules. Thus, distributions made pursuant to a confirmed chapter 13 plan may be retained by the creditors, and funds in the hands of the chapter 13 trustee will be distributed according to the plan. Property of the estate and other issues are governed by provisions of the Code and Rules. If, however, an appellate court determines that the order of conversion was improper in the first instance, yet the chapter 13 case proceeds, there is no statutory provision or rule which governs

---

[6]This argument raises the issue of whether an order of confirmation may be set aside in a chapter 13 case utilizing the provisions of Rule 9024, Federal Rules of Bankruptcy Procedure (incorporating Fed. R. Civ. P. 60). There is persuasive case authority that section 1330(a), which provides for revocation of the order of confirmation, is the exclusive basis by which an order of confirmation may be set aside. Branchburg Plaza Assoc., L.P. v. Fesq (In re Fesq), 153 F.3d 113 (3d Cir. 1998), cert. denied, 526 U.S. 1018 (1999).

Although an inability of the bankruptcy court to set aside the order of confirmation exacerbates the difficulties outlined below, the consequences in either event present sufficient difficulties that it is not necessary to expressly determine whether an order of confirmation may be set aside under Rule 60(b). Thus, we do not decide the issue of whether section 1330(a) is the exclusive remedy to set aside an order of confirmation.

what occurs in the bankruptcy case from that point.[7] Thus, the situation of vacating an order of conversion, and thereby nullifying the existence of the chapter 13, is distinct from the situation in which a chapter 13 case is converted to chapter 7.

If the order of conversion was improper, the confirmation of the plan must be set aside, and that, as noted above, is problematic. If that is effected, although funds in the hands of the trustee may simply be turned over to the chapter 7 trustee, funds distributed to the creditors pose a significant problem. One of the trustees (and therein lies another issue) is obligated to obtain disgorgement of months of distributions to the creditors – another matter which may present impossibilities.[8]  If it is determined that the order of confirmation may not be set aside, except as provided by section 1330(a), for fraud, the debtor and the chapter 13 trustee continue to have obligations under the Code, including the remittance and disbursement of plan payments.  This would effectively create two cases, conflicting in purpose, operating at the same time.  These alternatives provide the grounds for mootness: it is impossible to rectify the anomalies created by vacating an order of conversion when the chapter 13 case is yet ongoing.  The unappealed and, thus, final order confirming the plan resulted in a comprehensive change in circumstances that makes it virtually impossible to place the parties in the same positions as if the conversion and confirmation had not occurred. Moreover, the failure to obtain a stay of the plan confirmation order renders it inequitable to attempt  to place the parties in the same positions.  Cf. In re Chateaugay Corp., 10 F.3d 944, 953-54 (2d Cir. 1993)(failure to pursue with diligence all available remedies to obtain a stay of the objectionable order is a factor in determining whether it was inequitable to proceed with the appeal); In re Roller, 999 F.3d 346 (8th Cir. 1993).  At this juncture, we cannot render any effective relief without unraveling the confirmed plan, the plan payments, the disbursements, the administrative costs, and thereby creating an unmanageable and uncontrollable situation for the bankruptcy court and the parties in interest. Cf. In re Ionosphere Clubs, Inc., 184 B.R. 648 (S.D.N.Y. 1995).  Accordingly, this appeal is dismissed as moot.

---

[7]Indeed, in Chateaugay, the Court of Appeals for the Second Circuit noted that in an appeal of an order of confirmation, parties who may be adversely affected must have notice of the appeal and an opportunity to participate in those proceedings.  In re Chateaugay Corp., 10 F.3d 944, 952 (2d Cir. 1993).

[8]For example, some creditors may no long have the funds to disgorge, and the trustee will be required to obtain a judgment for, and thereafter, collect on, the debt.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT