**In re Sandra L. WIDDICOMBE, Debtor.**

**No. 01–80970.**

United States Bankruptcy Court, W.D. Arkansas, Fayetteville Division.

Nov. 29, 2001.

---

804

Ronald Boyer, for Debtor.

Collie McKiever, for trustee.

### ORDER GRANTING MOTION TO CONVERT

ROBERT F. FUSSELL, Bankruptcy Judge.

Pending before the Court are Sandra Widdicombe's ("Debtor's") motion to convert her chapter 7 case to a chapter 13 case and an objection to Debtor's motion filed by the chapter 7 trustee, Jill Jacoway ("Trustee"). The issue in this case is whether Debtor has an absolute right to convert her chapter 7 case to a chapter 13 case pursuant to 11 U.S.C. § 706(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has jurisdiction to enter a final judgment in this case. The following constitutes finds of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

### I. Facts

On June 11, 2001, Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On September 5, 2001, Debtor filed a motion to convert her chapter 7 case to a proceeding under chapter 13 of the Bankruptcy Code. On September 17, 2001, the Trustee filed an objection to Debtor's motion to convert. The Trustee's objection prayed that Debtor's motion to convert be denied, or, in the alternative, that the Trustee should be entitled to recover attorneys' fees, Trustee's fees, costs, and expenses as an administrative expense in the debtor's chapter 13 case.

In her objection, the Trustee asserted that Debtor's motion to convert was not filed in good faith because Debtor lacks sufficient disposable income to fund a chapter 13 plan. In support of her assertion, the Trustee attached a copy of Debtor's schedules. Debtor's Schedule I, "Current Income of Individual Debtor(s)," reflects a current monthly income of $2,207.04 as of July 15, 2001, the filing date of her petition. Debtor's Schedule J, "Current Expenditures of Individual Debtor(s)," reflects that Debtor's monthly expenses as of July 15, 2001, were $3,184.89.

On October 26, 2001, the Court conducted a hearing on the Debtor's motion to convert and the Trustee's objection thereto. At the hearing, the Trustee testified that if her review of a debtor's schedules reveals that the debtor's income exceeds the debtor's expenses, and it appears the debtor could fund a chapter 13 plan, then it is her duty as chapter 7 trustee to refer the matter to the United States Trustee. The Trustee did not refer the pending case to the United States Trustee because Debtor's expenses exceeded her income and the Trustee did not believe that Debtor was eligible for chapter 13 relief.

Debtor testified at the October 26, 2001 hearing that her schedules were correct as of the filing date of her petition. However, she testified that since the filing date of her petition her income had increased and she expected it to continue to increase in the future. Debtor's testimony reflected that she is a licensed real estate agent and receives a salary in addition to commissions on her sales. Debtor testified that she did not have any written records of her pay since the filing of her petition.

### II. Law

█ The issue before the is whether Debtor has an absolute right to convert

pursuant to 11 U.S.C. § 706(a), which provides in relevant part:

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

Section 706(a) has been characterized by one bankruptcy court in this district as "unequivocal in its statement of the right to convert." *In re Safley*, 132 B.R. 397, 399 (Bankr.E.D.Ark.1991).

Section 706(a) is limited by 11 U.S.C. § 706(d), which provides that "[n]otwithstanding any other provisions of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." There appears to be no disagreement among the courts that § 706(d) requires a consideration of whether a debtor seeking to convert her chapter 7 case to

a chapter 13 case meets the basic requirements of "who may be a debtor" in a chapter 13 case under 11 U.S.C. § 109(e).[1] COLLIER ON BANKRUPTCY ¶ 706.05 (15th ed.1999). However, there is a split of authority among the courts as to whether 11 U.S.C. § 706(a) grants a one-time *absolute* right to convert to a debtor who otherwise meets the § 109(e) requirements. *In re Little*, 253 B.R. 427, 429 (8th Cir. BAP 2000). The Eighth Circuit has not resolved this issue. *Id.*

### A. The Minority View

A body of case law has developed since the adoption of § 706(a) holding that the right to convert is absolute only in the absence of extreme circumstances. *In re Johnson*, 262 B.R. 75 (Bankr.E.D.Ark. 2001) (citing *Finney v. Smith (In re Finney)*, 992 F.2d 43, 45 (4th Cir.1993))[2]; *In re Martin*, 880 F.2d 857, 859 (5th Cir. 1989)[3]; *Kuntz v. Shambam (In re Kuntz)*,

---

**1.** 11 U.S.C. § 109(e) states as follows:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $290,525 and noncontingent, liquidated, secured debts of less than $871,550, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $290,525 and noncontingent, liquidated, secured debts of less than $871,550 may be a debtor under chapter 13 of this title.

**2.** Although the *Johnson* court cited *In re Finney* in its list of cases adopting the minority view, the Fourth Circuit stated in *Finney*, after observing that the district court had adopted the majority approach, that "[w]e express no opinion on what circumstances, *if any*, would justify invocation of § 105(a) to deny § 706(a) motion outright." *Finney*, 992 F.2d at 45 (emphasis added). Thus, the Fourth Circuit did not state a conclusion as to whether any circumstances justify the abroga-

tion of a debtor's absolute right to convert under § 706(a).

**3.** Although the *Johnson* court cited *In re Martin* as supportive of the minority view, this Court respectfully disagrees with that citation as this Court is not convinced that the *Martin* holding stands for that proposition. The *Martin* opinion does contain dicta that acknowledges the line of cases denying conversion in the presence of "extreme circumstances." However, this Court does not agree that the *Martin* dicta establishes that the Fifth Circuit adheres to the minority view. The Court agrees with the court in *In re Porras*, 188 B.R. 375, 378 (Bankr.W.D.Tex.1995), which described the *Martin* dicta as follows:

> The Fifth Circuit in *Martin* gives but a nod to the existence of case law support for the exception on the way to noting that no evidence was presented by the trustee of any such "extreme circumstances" in the case *sub judice*. That is hardly the stuff of which a recognized exception is made, especially in view of the stated proposition just a few sentences later in the decision that "[t]he statute itself ... speaks in absolute terms." *Porras*, 188 B.R. at 378.

233 B.R. 580, 585 (1st Cir. BAP 1999); *In re Sully*, 223 B.R. 582, 585 (Bankr. M.D.Fla.1998); *Enterprise Nat'l Bank v. Stutzman (In re Wallace)*, 191 B.R. 925, 927 (Bankr.M.D.Fla.1995); *In re Jeffrey*, 176 B.R. 4, 6 (Bankr.D.Mass.1994); *In re Kilker*, 155 B.R. 201, 205 (Bankr.W.D.Ark. 1993); *In re Spencer*, 137 B.R. 506, 516 (Bankr.N.D.Okla.1992); *In re Safley*, 132 B.R. 397, 400 (Bankr.E.D.Ark.1991). More recent cases following this view include *In re Pakuris*, 262 B.R. 330 (Bankr. E.D.Pa.2001) and *In re Krishnaya*, 263 B.R. 63 (Bankr.S.D.N.Y.2001). These cases represent the minority view. *Id.*

Bankruptcy courts in this district have followed the minority view. In *In re Safley*, 132 B.R. 397 (Bankr.E.D.Ark.1991), the debtor moved to convert her chapter 7 case to a chapter 13 case after she had received a discharge in her chapter 7 case. The court denied the motion to convert based on a determination that if the chapter 7 discharge were revoked, the debtor would exceed the § 109(e) debt limits; and if the chapter 7 discharge remained intact, the debtor would have no debts remaining to restructure under a chapter 13 plan. However, the court also noted in dicta that the debtor had insufficient income to fund a chapter 13 plan, an inquiry which reaches beyond the basic question under § 109(e) of whether a debtor has "regular income." *Safley*, 132 B.R. at 400.

In *In re Kilker*, 155 B.R. 201 (Bankr. W.D.Ark.1993), the court analyzed the debtor's motion to convert by employing the multi-factor chapter 13 good faith test originally set forth by the Eighth Circuit in *In re Estus*, 695 F.2d 311, 316 (8th Cir.1982), and further refined in *Handeen v. LeMaire (In re LeMaire)*, 898 F.2d 1346 (8th Cir.1990). Applying those factors, the court denied the debtor's motion to convert.

In *Martin v. Cox*, 213 B.R. 571 (E.D.Ark.1996), the United States District Court for the Eastern District of Arkansas, on an appeal from a decision of the bankruptcy court, held that the right to convert is only absolute absent " 'extreme circumstances,' amounting to bad faith." *Martin*, 213 B.R. at 573. The district court stated that "extreme circumstances have been found to result from failure to disclose assets to the court, an attempt to escape debts rather than repay them, fraudulent misrepresentations to the court, and manipulation of the Bankruptcy Code." *Id.* The district court found that the debtor's conduct, which was characterized as "flagrant," "intentionally deceitful," and an "extreme case" of "bad faith and manipulation," warranted a denial of the debtor's motion to convert. The decision of the district court was affirmed without further discussion by the Eighth Circuit in an unpublished opinion. *Martin v. Cox*, 116 F.3d 480 (8th Cir.1997) (unpublished table opinion).

The most recent decision on this issue in this district is *In re Johnson*, 262 B.R. 75 (Bankr.E.D.Ark.2001). In *Johnson*, the court found "more persuasive the position that the Bankruptcy Court 'possess[es]' inherent equitable powers to protect the process when the debtor attempts to convert to a reorganization chapter for an improper purpose." *Johnson*, 262 B.R. at 79. Accordingly, the court held that conversion "may be denied for lack of good faith as an abuse of process." *Id.*

### B. *The Majority View*

The majority view is that denying conversion from chapter 7 to chapter 13 is against the clear wording of the statute. *Johnson*, 262 B.R. at 79 (citing Bruce H. White, "Is a Debtor's Right to Convert Under § 706(a) Really Absolute?,") 17 Am. Bankr.Inst. L.J. 28, 29 (Feb.1998). Courts

following this view have held that a debtor who has not previously converted has an absolute right to convert under § 706(a). *See In re Young,* 237 F.3d 1168, 1173 (10th Cir.2001); *Street v. Lawson (In re Street),* 55 B.R. 763, 765 (9th Cir. BAP 1985); *In re Mosby,* 244 B.R. 79, 83–84 (Bankr. E.D.Va.2000); *In re Verdi,* 241 B.R. 851, 854–55 (Bankr.E.D.Pa.1999); *In re Porras,* 188 B.R. 375, 377–80 (Bankr.W.D.Tex. 1995); *Nelson v. Easley (In re Easley),* 72 B.R. 948, 952 (Bankr.M.D.Tenn.1987); *In re Kleber,* 81 B.R. 726, 727 (Bankr.N.D.Ga. 1987); *In re Caldwell,* 67 B.R. 296, 300–01 (Bankr.E.D.Tenn.1986); *In re Jennings,* 31 B.R. 378, 381 (Bankr.S.D.Ohio 1983.).

■ The Court has considered both the majority and minority positions on this issue, and finds that the better reasoned position is the majority position, which holds that § 706(a) gives a debtor eligible to be a chapter 13 debtor under § 109(e) a one time absolute right to convert a chapter 7 case to a chapter 13 case. In construing statutes, the plain meaning of legislation should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982). Only in such rare cases, the intention of the drafters, rather than the strict language, controls. *Id.; United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

■ The Court adopts the view that in interpreting the Bankruptcy Code, "the plain meaning of the legislation should be conclusive." *Ron Pair,* 489 U.S. at 242, 109 S.Ct. 1026. The plain language of § 706(a) is clear and unambiguous, and grants chapter 7 debtors a one time absolute right to convert to a chapter 13 case. Moreover, the legislative history indicates that § 706(a) "gives the debtor one absolute right of conversion of a liquidation case to a reorganization or individual repayment case." H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1997), U.S.Code Cong. & Admin.News 1978, p. 5963.

■ As the court stated in *Porras,* "[a]ny judge-made exception on statutory language as implacable as that found in section 706(a) poses a significant danger of judicial legislation." *Porras,* 188 B.R. at 378. As the *Porras* court stated, "[f]or the courts, the greatest temptation is to 'fix' statutes with judicial decisions having the force of law. It is a temptation which must be assiduously avoided, in deference to our structure of government." *Id.* at 379 (citing THE FEDERALIST, NO. 51, (Wesleyan University Press, Jacob E. Cooke, editor, 1961), at p. 349). As the Supreme Court stated in *Ron Pair,* "where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *Ron Pair,* 489 U.S. at 241, 109 S.Ct. 1026 (citing *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

Accordingly, the Court finds that Debtor Sandra Widdicombe may convert her chapter 7 case to a chapter 13 case pursuant to § 706(a). However, § 706(d) requires that the Court consider whether Debtor meets the eligibility requirements of § 109(e).

■ Under § 109(e), Debtor is eligible for relief under Chapter 13 of the Bankruptcy Code if she has "regular income;" if her noncontingent, liquidated, unsecured debts are less than $290,525; and if her noncontingent, liquidated, secured debts are less than $871,550. Debtor's schedules were received into evidence at the October 26, 2001 hearing. With regard to the "regular income" requirement, Debtor's schedules reflect that on June 11, 2001, the filing

date of her bankruptcy petition, Debtor had a monthly income of $2,702.04. Debtor testified at the October 26, 2001 hearing that she is a real estate salesperson and that she is paid on a monthly draw plus commissions. She testified that her income varies from month to month depending on her sales, and that her income has increased since her bankruptcy filing. The Court credits the Debtor's testimony, which was unrefuted, and finds that Debtor possesses "regular income" for purposes of § 109(e).

With regard to the debt limits set forth in § 109(e), Debtor's Schedule "F" reflects unsecured claims in the total amount of $39,847.36, which is far less than the limit of $290,525. Debtor's Schedule "D" reflects secured claims of $69,917.76, which is also far less than the maximum amount of $871,550. Therefore, the Court finds that the debtor meets the eligibility requirements of § 109(e).

The Court also finds that even if the minority view were the correct interpretation of § 706(a), the evidence in this case falls substantially short of proving "extreme circumstances" sufficient to deny Debtor's motion to convert. There is no evidence in this proceeding of the type of fraud, false statements, failures to disclose assets, and abuse of process that were present in the other cases in this district in which courts denied motions to convert under § 706. *See, e.g. Johnson*, 262 B.R. at 79; *Martin*, 213 B.R. at 573; *Kilker*, 155 B.R. at 205. Accordingly, even if this Court had adopted the minority view, Debtor's motion to convert would nonetheless be granted.

## III. *Conclusion*

The Court finds that Debtor is entitled to a one time absolute right to convert her chapter 7 case to a proceeding under chapter 13 of the Bankruptcy Code. Because the evidence satisfies the income and debt limitations of § 109(e), the Debtor's motion to convert her case is GRANTED.

In her objection to Debtor's motion to convert, the Trustee argued that if Debtor's motion to convert is granted, the Trustee should be entitled to recover attorney's fees, Trustee's fees, costs and expenses as an administrative expense in the Debtor's chapter 13 case. The Court finds that the Trustee's arguments as to the treatment of her fees, costs, and expenses in the Debtor's chapter 13 case are premature. The Trustee is entitled to file a claim in the Debtor's chapter 13 case, asserting what she contends is the proper priority for her claim. The Court will then hear any objections thereto after proper notice and a hearing.

IT IS SO ORDERED.