**Karlin KELLEY, Appellant,**

v.

**Sheriff Tom CRUNK, Appellee.**

**No. 83–1254.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 1, 1983.

Decided Aug. 10, 1983.

Reconsideration Denied Sept. 16, 1983.

Wendell W. Crow, Ford, Ford, Crow & Reynolds, Kennett, Mo., for appellee.

Karlin Kelley, pro se.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Karlin Kelley brought an action against Sheriff Tom Crunk and other defendants as a result of injuries he claims he sustained in a fight with another inmate while both were incarcerated in the Dunklin County jail. The 1983 counts based on the eighth amendment and equal protection of the law were dismissed, the case was tried to a jury on a pendent state claim, and a verdict was entered for defendant. Kelley appeals claiming that the verdict was against the weight of the evidence and making other generalized arguments that the sheriff was responsible for conditions in the jail, acts of his deputies, and Kelley's safety. We affirm the judgment of the district court.[1]

The fight occurred in the jail after a religious service and Kelley claimed that he could have escaped to safety if he had not been located in the day room with the inmate that attacked him. He claims that he did not receive medical attention for several hours. At the trial of the case Kelley admitted that he did not sustain any physical disability as a result of the altercation.

Kelley did not file a motion for a new trial under Rule 59, Federal Rules of Civil Procedure, and thus did not raise his weight of the evidence claim in the district court. The argument that the verdict is against the weight of the evidence is one particularly directed to the district court in a motion for new trial under Rule 59, Federal Rules of Civil Procedure. We have recently discussed the judicial balancing required of the trial court by such motions in *Day v. Amax, Inc.,* 701 F.2d 1258, 1262 (8th Cir.1983), and pointed to the distinction between such motions and motions for directed verdict or for n.o.v. See also, *Fireman's Fund Insurance Co. v. Aalco Wrecking Co.,* 466 F.2d 179, 187 (8th Cir.1972), *cert. denied* 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973). It is well settled that issues not raised in the trial court cannot be considered by this court as a basis for reversal. *Morrow v. Greyhound Lines, Inc.,* 541 F.2d 713, 724 (8th Cir.1976); *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826, 837 (1976). We adhere to the rule in all but exceptional cases where the obvious result would be a plain miscarriage of justice or inconsistent with substantial justice. *Morrow, supra,* and *Singleton, supra.* To follow any other course under the facts before us would lead us to the serious seventh amendment questions similar to those involved in the reversal of an order denying a motion for new trial based on the ground that the verdict was against the weight of the evidence. See 11 Wright and Miller, *Federal Practice and Procedure* § 2819. The record before us does not justify that we engage in such an exercise.

We have carefully reviewed the evidence and the record in this case and conclude that Kelley has not demonstrated error of law, and has not argued or demonstrated that there is insufficient evidence to support the jury verdict. Accordingly, we affirm. See 8th Cir. Rule 14.

1. The Honorable William S. Bahn, Magistrate, United States District Court for the Eastern District of Missouri.