991 F.2d 801
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
MIDWEST FINANCE, INC., an Iowa Corporation, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-2617.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 18, 1993.
Filed: April 13, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 The Internal Revenue Service (IRS) made assessments against Thomas F. Gentile (taxpayer) for unpaid federal excise and income taxes in the amount of $7,677,100.34. In May 1992, the IRS filed a Notice of Federal Tax Lien alleging that Midwest Finance, Inc., (Midwest) was the alter ego and/or nominee of taxpayer.[1] The lien reflected an unpaid balance of federal taxes in the amount of $4,043,008.89. After providing proper notice, the United States levied upon a bank account held in Midwest's name containing $4,750.00 and eleven mortgages purportedly owned by Midwest securing obligations of approximately $55,364.00 (giving rise to payments of $1,900 per month). Midwest then filed an action pursuant to the Wrongful Levy Statute, 26 U.S.C. § 7426 (1988), seeking a preliminary injunction enjoining the government from further seizing or levying upon its property. The district court denied the injunction on the ground that Midwest's rights in the property levied upon would not be irreparably injured if no injunction were issued. Midwest appeals.[2]
 
 
 2
 The issue in this case is whether the injunction protection of the Wrongful Levy Statute extends to a plaintiff who could suffer substantial financial injury indirectly related to a levy and to whom compensatory damages would not later be available. The statute in pertinent part provides: "If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale." 26 U.S.C. § 7426(b)(1) (1988). Midwest argues that it is entitled to injunctive relief under section 7426(b)(1) because it will suffer irreparable consequential economic damage for which it will not have an adequate legal remedy.[3] As a result of the government's levy, Midwest claims it will suffer the following economic damage: reduced resale value of the seized mortgages; inability to meet current business obligations, specifically the quarterly income tax payment;[4] and lastly, loss of profitable business opportunities and destruction of business operations.
 
 
 3
 Based on the unambiguous language of section 7426(b)(1) ("rights in property which the court determines to be superior to rights of the United States in such property "), 26 U.S.C. § 7426(b)(1) (1988) (emphasis added), and legislative history, see Ketcham v. United States, 783 F. Supp. 511, 517-18 (D. Nev. 1991) (discussing the legislative history of section 7426), we conclude that irreparable injury to "rights in property," as used in section 7426(b)(1), refers only to the particular property levied upon. Thus, to be granted an injunction, Midwest would have to show irreparable harm to its rights in the bank account and mortgages levied upon.[5] Midwest has made no such showing.
 
 
 4
 Accordingly, we find the district court did not abuse its discretion in denying injunctive relief. Affirmed.
 
 
 
 [1]
 The IRS also seized assets of National Energy, Inc., and Kristen M. Morris after concluding that they too were the alter egos and/or nominees of Thomas F. Gentile. They are not involved in this appeal
 
 
 [2]
 On appeal, Midwest raises two arguments not addressed below. First, Midwest argues that the district court should have granted an injunction pursuant to the judicial exception to the Anti-Injunction Act set forth in Enochs v. Williams Packing Co., 370 U.S. 1 (1962). Second, Midwest argues that the district court should have ordered the return of the property seized and levied upon pursuant to 26 U.S.C. § 7426(b)(2)(a) (1988). Because these arguments were not raised below, we will not address them on appeal. See Kelley v. Crunk, 713 F.2d 426, 427 (8th Cir. 1983)
 
 
 [3]
 Congress has authorized only four forms of relief under section 7426(b): injunction; return of specific property; judgment for the amount of money levied upon; and judgment for the amount received by the United Sates upon sale of the property, or its fair market value immediately before levy, whichever is greater. 26 U.S.C. § 7426(b) (1988)
 
 
 [4]
 The record shows that Midwest's current obligations include a $650 estimated quarterly tax liability and a possible $156 liability resulting from a bad check
 
 
 [5]
 Any damages flowing from these properties would be monetarily compensable