# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

98-6097MN

---

In re:                              *
                                    *
Lyle Bruce Johnson,                 *
                                    *
        Debtor.                     *
                                    *
Lyle Bruce Johnson,                 *    Appeal from the United States
                                    *    Bankruptcy Court for the
        Debtor - Appellant,         *    District of Minnesota
                                    *
            v.                      *
                                    *
Border State Bank,                  *
                                    *
        Creditor - Appellee.        *

---

Submitted: February 3, 1999
Filed: February 24, 1999

---

Before KOGER, Chief Judge, WILLIAM A. HILL and SCHERMER, Bankruptcy Judges

---

KOGER, Chief Judge

Debtor Lyle Bruce Johnson appeals the Order of the Bankruptcy Court[1] denying his motion to avoid the lien held by Border State Bank on various items of farm equipment pursuant to 11 U.S.C. § 522(f)(1)(B)(ii).

---

[1] The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(b) and (c).

Johnson filed his Petition for Relief under Chapter 7 of the Bankruptcy Code on June 25, 1998. He filed a motion to avoid Border State Bank's lien against several items of property which he asserted were implements or tools of his trade as a farmer under § 522(f)(1)(B)(ii). Border State Bank objected to Johnson's motion. The Bankruptcy Court held a hearing on October 14, 1998, and thereafter denied Johnson's motion, finding that Johnson was not a farmer and as a result, the items did not qualify as tools of his trade. Johnson appeals the Bankruptcy Court's decision and for the reasons that follow, we affirm.

We review the Bankruptcy Court's findings of fact, whether based upon oral or documentary evidence, for clear error, and review legal conclusions *de novo*. Fed. R. Bankr. P. 8013; First Nat'l Bank of Olathe v. Pontow, 111 F.3d 604, 609 (8th Cir. 1997); Chamberlain v. Kula (In re Kula), 213 B.R. 729, 735 (B.A.P. 8th Cir. 1997).

Section 522(f) of the Bankruptcy Code provides that notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled, if such lien is a nonpossessory, nonpurchase-money security interest in any implements, professional books, or tools, of the trade of the debtor. 11 U.S.C. § 522(f)(1)(B)(ii).

Relevant here, Johnson seeks to avoid the lien held by Border State Bank on a 1070 Case Tractor with loader with a value of $5,000; a 1988 Polaris 400 snowmobile valued at $1,200; a rock windrower valued at $1,000; and a Box V Snowplow valued at $1,000, asserting they are tools of his trade as a farmer.

The determinative issue in this case is whether Johnson is a "farmer" for purposes of lien avoidance under § 522(f). In the Eighth Circuit, courts determining whether a debtor is a "farmer" for lien avoidance purposes are required to

take into account the intensity of a debtor's past farming activities and the sincerity of his intentions to continue farming, as well as evidence that [the] debtor is legitimately engaged in a trade which currently and regularly uses the specific implements or tools exempted and on which lien avoidance is sought.

Production Credit Assoc. of St. Cloud v. LaFond (In re LaFond), 791 F.2d 623, 625 (8th Cir. 1986).

Under this test, we find that the evidence amply supports the Bankruptcy Court's finding that Johnson is not a farmer for purposes of avoiding a lien against farm equipment under § 522(f)(1)(B).

Johnson is a 38-year-old man who resides in Warroad, Minnesota. After working on his father's farm following high school, Johnson started his own farming operation in 1985. Over the years, he purchased three parcels of real estate on which he engaged in various farming operations. He lost two of the three parcels when he was divorced from his wife in 1997.

Johnson currently owns a 73-acre homestead property, and although he testified he is not currently farming the land on which the homestead sits, Johnson had used the parcel in the past for hay and pasture. He has no equity in this property and as of the hearing date, he was in default to Border State Bank on a third mortgage against this property. He conceded at the hearing that he was likely to lose this property to one of its lienholders "sooner or later."

Also as of the Petition Date, Johnson owned some 35 beef cows and 35 calves which he kept at his father's farm. Johnson's father raised and tended to these cows in exchange for part of the profits derived therefrom. Johnson does not actively participate in the work related to raising or caring for these cows. Johnson testified at the hearing that he anticipated the imminent sale of these cattle as well. Thus, according to his testimony, Johnson expected that soon after the hearing date, he would be without any ownership interest in any farming acreage or cattle.

3

Meanwhile, Johnson is employed full time at Marvin Windows, where he has worked for fourteen years. He candidly testified that he is not currently farming in any fashion, except to help out at his father's farm, for which he receives no compensation as such.[2] In fact, he testified that he has not engaged in farming, except to help out at his father's farm, since 1996. Further, not only does he list no income or expenses in relation to farming on his bankruptcy schedules, he also testified at the hearing and the § 341 Meeting of Creditors that his employment with Marvin Windows is his sole source of income and has been at least since 1996.

Johnson suggests, and we agree, that it is certainly possible for a debtor to have two trades. In such a case, a debtor may even claim exemptions for both trades. Accord In re Robinson, 206 F.176 (D. Idaho 1913) (a debtor may claim exemptions for tools relating to more than one trade, so long as the aggregate exemption claimed is within the dollar limitation permitted for such exemption). We also agree with Johnson's assertion that "other sources of income do not prevent a debtor from having the trade of farming for purposes of lien avoidance." South Atlantic Productions Credit Assoc. v. Jones (In re Jones), 87 B.R. 738, 741 (Bankr. M.D. Ga. 1988); see also In re LaFond, 791 F.2d at 626 (agreeing that it is nearly impossible for most farmers to subsist without outside employment). In fact, we will agree that a debtor could be considered a "farmer" even when he is actually losing money at farming and when his entire net income is derived from other trades or sources.

However, regardless of the amount of income derived from farming and regardless of how many other trades the debtor is engaged in, in order to be considered a farmer for § 522(f)(1)(B)(ii) purposes, the debtor must be legitimately engaged in the enterprise of farming and express a credible and sincere intent to continue farming into the future. See LaFond, 791 F.2d at 625. Although Johnson may have been engaged in farming with sufficient intensity at some point in the past, he conceded at the hearing that he is not currently engaged in the activity of farming, he has not farmed since 1996, and he does not

_____

[2] Although Johnson does not receive any actual compensation for working on his father's farm, there was testimony that as a form of compensation for Johnson's helping out on his father's farm, his father only took 50% of the profits from raising Johnson's cattle rather than the customary 75%.

know exactly when he will resume farming. We find, as did the Bankruptcy Court, that this does not satisfy the LaFond test.

Furthermore, Johnson's reliance on In re LaFond to support his contention that he is engaged in both the trade of farming and his job at Marvin Windows, is misplaced. While LaFond does stand for the proposition that a debtor can be engaged in two trades, the facts in that case are clearly distinguishable from Johnson's situation. In LaFond, despite the fact that the debtor-husband worked 100 hours per month as a police officer to supplement the couple's farming income, there was no question that Mr. LaFond was, at the time, also actively and legitimately engaged in farming. He simply used his income as a police officer to *supplement* his farm income. Additionally, the court determined in that case that it was reasonable to assume that Mrs. LaFond was tending to farm chores as well, as evidenced by the LaFonds' tax returns which revealed that she had no significant source of income other than farming. Id. at 626 (citing Thorp Credit & Swift Co. v. Pommerer (In re Pommerer), 10 B.R. 935, 942 (Bankr. Minn. 1981)). We find these facts to be clearly distinguishable from the facts of this case.

In sum, we believe the Bankruptcy Court did not err in finding, as it announced from the Bench, that the evidence and testimony demonstrate that Johnson is not a farmer. As the Bankruptcy Court said, "[t]he fact that someone may be from time to time engaged in farming does not make farming one's trade." Furthermore, we believe, as did the Bankruptcy Court, that Johnson's statements regarding his hopes or intentions to farm with his brother when his father retires at some time in the future are not enough to satisfy the LaFond test. As the Court said, "the mere fact that the debtor may at some time in the future if circumstances are right take up the trade of farming is not sufficient to protect these items as tools of the debtor's trade in so far as lien avoidance is concerned."

Because we determine that the Bankruptcy Court did not err in finding that Johnson is not a farmer, the decision denying Johnson's motion to avoid the lien held by Border State Bank under § 522(f)(1)(B)(ii) is affirmed.

A true copy.

5

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT.