In re Steven SIMPSON, and Linda Simpson, Debtors.

Impac Funding Corporation, Appellant,

v.

Steven Simpson and Linda Simpson, Debtors, and David D. Coop, Trustee. Appellees.

BAP No. 99–6030EA.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted Oct. 29, 1999.

Decided Nov. 5, 1999.

Daniel L. Parker, Little Rock, AR, for appellant.

Davis H. Loftin, North Little Rock, AR, for appellee.

Before KOGER, Chief Judge, KRESSEL, and DREHER, Bankruptcy Judges.

KRESSEL, Bankruptcy Judge.

On January 12, 1999, IMPAC Funding Corporation filed a motion to validate a foreclosure sale of the debtors' principal residence and for relief from the automatic stay. The bankruptcy court[1] denied IMPAC's motion and subsequently confirmed

---

1. The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern and Western Districts of Arkansas.

the debtors' plan. IMPAC did not object to confirmation of the debtors' plan, did not seek a stay of the order of confirmation, and did not appeal the order of confirmation. IMPAC appeals only from the bankruptcy court's denial of its motion to validate the foreclosure sale and to obtain relief from the automatic stay. Because we find that this appeal is moot, we dismiss the appeal.

## BACKGROUND

IMPAC is the holder of a deed of trust and promissory note executed by the debtors, secured by their homestead. The debtors failed to make their monthly payments and IMPAC instituted foreclosure proceedings pursuant to the power of sale clause contained in the deed of trust. The trustee properly filed a notice of default and intention to sell on August 27, 1998, and held the foreclosure auction on October 30, 1998. IMPAC purchased the property at the auction, but did not record the trustee's deed and the affidavit of sale until November 13, 1998. On November 4, 1998, after the foreclosure sale but before the trustee's deed and the affidavit of sale were recorded, the debtors filed a petition under Chapter 13.

IMPAC argued to the bankruptcy court that the debtors filed their petition too late to cure the default on their principal residence because their property had already been sold at the time of filing. The bankruptcy court, relying on its earlier decision in *In re Tomlin*, 228 B.R. 916 (Bankr. E.D.Ark.1999), held that 11 U.S.C. § 1322(c)(1) provides that applicable state law determines when a sale is final for purposes of fixing when the debtor's right to cure the default terminates. The court concluded that, under Arkansas law, a statutory foreclosure sale is final when a trustee's deed is recorded.[2] The court therefore determined that the debtors filed their Chapter 13 petition in time to cure the default pursuant to § 1322(c)(1) because IMPAC had not yet recorded the trustee's deed from the foreclosure sale when the debtors filed their petition. Accordingly, the bankruptcy court denied IMPAC's motion to validate the foreclosure sale and obtain relief from stay.

After this decision by the bankruptcy court, the debtors filed a modified plan[3] treating the real estate as their property and proposing to cure the default due IMPAC. Notice of the plan and an opportunity to object to its confirmation were served on all creditors including IMPAC. There were no objections to confirmation and the bankruptcy court confirmed the plan. The confirmation order was not appealed and is final.

## DISCUSSION

The parties to this appeal submitted arguments about when a statutory foreclosure sale is final under Arkansas law.[4] We conclude, however, that we lack

---

**2.** The court disagreed with another decision from its own court, *In re Bland*, 227 B.R. 163, 165–66 (Bankr.E.D.Ark.1998), which held that under Arkansas law, a nonjudicial foreclosure sale is complete upon the fall of the auctioneer's hammer.

**3.** On the same day that the bankruptcy court denied IMPAC's motion, it also denied confirmation of the debtors' original plan, sustaining objections by the trustee and a creditor other than IMPAC.

**4.** Section 1322(c)(1) provides that the debtor's right to cure a principal residence default survives "until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law."

*See* 11 U.S.C. § 1322(c)(1). Some courts have concluded that § 1322(c)(1) means that the finality of a foreclosure under state law is when the right to cure terminates. *See, e.g., Christian v. Citibank*, 214 B.R. 352, 355 (N.D.Ill.1997); *In re Downing*, 212 B.R. 459, 461 (Bankr.D.N.J.1997); *In re Reid*, 200 B.R. 265 (Bankr.S.D.Fla.1996); *In re Blair*, 196 B.R. 477, 479–80 (Bankr.E.D.Ark.1996); *In re Barham*, 193 B.R. 229, 231–32 (Bankr. E.D.N.C.1996). Other courts have held that § 1322(c)(1) means that the right to cure terminates at the time of the foreclosure auction (conducted pursuant to state law but regardless of state law on finality of the foreclosure process.) *See, e.g., In re Smith*, 85 F.3d 1555 (11th Cir.1996); *McCarn v. WyHy Fed. Credit*

subject matter jurisdiction necessary to decide the merits of this appeal because it is moot. *See Hickman v. State of Missouri*, 144 F.3d 1141, 1142 (8th Cir.1998) (when a case no longer presents an actual ongoing controversy the case is moot and the court lacks the requisite subject matter jurisdiction to hear it).

■ An appeal is moot when it is impossible for the court to grant "any effectual relief whatever" to a prevailing party. *See Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992), quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895). An appeal is moot when the reviewing court is incapable of restoring the parties to their original position. *Id.*, cited in *Egbert Development, LLC v. Community First Nat'l Bank (In re Egbert Development, LLC)*, 219 B.R. 903, 905 (10th Cir. BAP 1998). *See also Roller v. Worthen Nat'l Bank of Northwest Arkansas (In re Roller)*, 999 F.2d 346, 347 (8th Cir.1993); *Blackwell v. Lurie (In re Popkin & Stern)*, 234 B.R. 724, 727 (8th Cir. BAP 1999); *Ross v. Strauss (In re Ross)*, 223 B.R. 702, 704 (8th Cir. BAP 1998).

This appeal is moot because the bankruptcy court confirmed the debtors' Chapter 13 plan and IMPAC did not appeal from the order confirming the plan. IMPAC is bound by the terms of the plan, which provides for payments to IMPAC under the ordinary terms of the deed of trust and note and provides for payments to cure the arrearage over the life of the plan.

Section 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

The Eighth Circuit has noted that the binding effect of a confirmed plan may result in res judicata on claims that were or could have been decided in the confirmation process. *See Harmon v. United States*, 101 F.3d 574, 582–83 n. 5 (8th Cir.1996), citing *Rowley v. Yarnall*, 22 F.3d 190, 194 (8th Cir.1994). Other courts also characterize the binding effect of a confirmed Chapter 13 plan as a tenet of res judicata. In *Franklin Federal Bancorp, FSB v. Lochamy (In re Lochamy)*, 197 B.R. 384, 386–87 (Bankr.N.D.Ga.1995), the creditor did not object to or appeal confirmation. The court concluded that "[t]he effect of plan confirmation ... may provide a res judicata effect to the terms of the confirmed plan" to the extent that the given issue was properly addressed within the scope of the confirmation hearing. The court went on to explain that "[w]hile section 1327(a) may have a res judicata effect as to certain issues which were or should have been addressed in the confirmation process, we have found no authority indicating that section 1327 is capable of mooting an appeal of issues not decided within the confirmation order." *Id.* (citations omitted).

Other courts discuss the binding effect of a confirmed plan without relying on the doctrine of res judicata. In *Green Tree Financial Corp. v. Garrett (In re Garrett)*, 185 B.R. 620, 623 (Bankr.N.D.Ala.1995), the bankruptcy court held that although a preconfirmation lift stay order terminated the automatic stay, that did "not change the binding effect of the confirmation order, unless the plan expressly preserves the terms of the lift stay order." "The confirmed plan dictates the rights of the parties. [ ] It is the binding effect of confirmation 'that breathes life into a plan.'" *Id.* (citations omitted). "The confirmation order established the rights between the debtor and the creditor and supersedes the terms of the [original] contract" between them. *Id.* at 624. *See also*

*Union (In re McCarn)*, 218 B.R. 154, 161 (10th Cir. BAP 1998); *Cottrell v. United States (In re Cottrell)*, 213 B.R. 378, 381 (Bankr. M.D.Ala.1996); *Ferrell v. Southern Financial, Inc.*, 179 B.R. 530 (W.D.Tenn.1994).

*FDIC v. Be–Mac Transport Co. (In re Be–Mac Transport Co.),* 83 F.3d 1020, 1026–27 (8th Cir.1996) (where a plan does not expressly preserve a lien, a lienholder may lose it after confirmation of the plan, provided that the lienholder participated in the reorganization and its property was dealt with by the plan); *In re Pence,* 905 F.2d 1107, 1110 (7th Cir.1990) (creditor bound by terms of confirmed plan regarding release of lien on personal residence); *In re Siemers,* 205 B.R. 583, 586 (Bankr. D.Minn.1997) (the terms of a debtor's Chapter 13 plan govern the postconfirmation treatment of creditors and if a creditor does not like its treatment under the terms of a proposed plan, the creditor's remedy is to object to confirmation, not to ignore the plan and try to attack it later).

■ The sum of the judicial decisions that have considered the statutorily binding effect of a confirmed plan of reorganization is that if the confirmed plan treats the creditor, and if the creditor received proper notice of the plan and its proposed confirmation, the creditor's only potential remedy for a plan it doesn't like is to appeal the order of confirmation. IMPAC knew about the bankruptcy and litigated the case before the bankruptcy court when it sought to validate its foreclosure of the debtors' principal residence and when it sought relief from stay. The debtors' plan lists IMPAC as a creditor and plainly treats the debt to IMPAC. IMPAC did not appeal from the order confirming the debtors' plan and it is now a final and unappealable order. IMPAC cannot now raise issues it could have and should have raised by objecting to confirmation and in an appeal of the confirmation order.

IMPAC, however, contends that § 1327 does not apply because IMPAC is not a creditor of the debtors. First, because the ownership interest in the property transferred to IMPAC by operation of the foreclosure sale which took place before the debtors filed their petition, IMPAC reasons that the debt was satisfied. Second, IMPAC relies on the fact that it did not file a proof of claim in the debtors' bankruptcy case.

For these reasons, IMPAC insists that we must first determine whether the foreclosure sale was final and extinguished the debtors' right to cure the default in bankruptcy before we decide whether the confirmed plan is binding on IMPAC. Essentially, IMPAC contends that the sale was final, that the debtors had no interest in the property at the time they filed their Chapter 13 petition, and that therefore IMPAC was not a creditor of the debtors at the time they filed and accordingly not bound by the confirmed plan. IMPAC relies on the opinion in *In re Hickman,* 154 B.R. 730 (Bankr.W.D.Ark.1993) for the proposition that a bankruptcy petition cannot revive an ownership interest that had been previously extinguished by a foreclosure sale.

IMPAC is certainly correct when it states the principle that the commencement of a bankruptcy case does not revive a property interest that was extinguished before commencement. However, in this case, the bankruptcy court twice determined that the debtors' property rights had *not* been extinguished, once when it denied IMPAC's motion and again when it confirmed the debtors' plan. Because the latter determination has not been appealed, it binds IMPAC and it is estopped from attacking that determination on appeal from the first order.

## CONCLUSION

IMPAC is bound by the debtors' confirmed plan. IMPAC's appeal is therefore moot and we dismiss it for lack of jurisdiction.