# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 00-6030EA

———

In re:                              *
                                    *
William E. Hervey                   *
                                    *
                                    *
        Debtor.                     *
                                    *
Wendover Financial Services,        *
                                    *
        Appellant,                  *    Appeal from the United States
                                    *    Bankruptcy Court for the
            v.                      *    Eastern District of Arkansas
                                    *
William E. Hervey, Debtor, and      *
David D. Coop, Trustee              *
                                    *
        Appellees.                  *

———

Submitted: August 10, 2000
Filed: September 15, 2000

———

Before KOGER, Chief Judge, KRESSEL and SCHERMER, Bankruptcy Judges.

———

KRESSEL, Bankruptcy Judge.

The debtor, William E. Hervey, filed a petition under Chapter 13 of the Bankruptcy Code on February 8, 2000. On March 23, 2000, the bankruptcy court,[1] entered an order confirming the debtor's

---

[1] The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern and Western Districts of Arkansas.

Chapter 13 plan. No objections were filed to the plan. Appellant, Wendover Financial Services, appeals from the order confirming the plan. Because there is no record from the bankruptcy court, and because Wendover's entire appeal raises legal issues never presented to the bankruptcy court, we affirm.

## BACKGROUND

The debtor filed a Chapter 13 petition on February 8, 2000. David D. Coop was appointed as the Chapter 13 trustee. The debtor's Schedule A listed real property, a "homestead," with debtor's interest valued at $40,000, with a secured claim of $30,000. In Schedule D, the debtor indicated that the $30,000 secured claim was held by: "Claibourne Crews, Esq. Agent for Bankers Trust Company, Wilson & Associates, PLLC, 1521 Merrill Dr. Suite D-220, Little Rock, AR 72211." Bankers Trust was included in the debtor's creditor matrix, for notice purposes, at the above stated address.

A "Notice of Commencement of Case Under Chapter 13 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates" was mailed to the debtor's creditors. This Notice advised that the Meeting of Creditors would be held on March 8, 2000, and that any objection to the confirmation of the debtor's plan must be filed and served "on or before the tenth (10th) day after the meeting of creditors takes place." Finally, the Notice stated that "[i]f no objection is timely filed, the plan will be confirmed pursuant to Bankruptcy Rule 3015."

The debtor's plan listed AMRESCO Mortgage[2] as the holder of a long-term claim. The plan proposed to make regular monthly payments to AMRESCO, in the amount of $365.00, and cure a $6,000 arrearage by paying $167.00 per month. No objections to the plan were filed, and the bankruptcy court entered an order confirming the plan on March 23, 2000. Eight days later, on March 31, 2000, Wendover filed a timely Notice of Appeal from the order confirming the plan.

## DISCUSSION

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Johnson v. Border State Bank (In re Johnson)*, 230 B.R. 608, 609 (B.A.P. 8th Cir. 1999); *Eilbert v. Pelican (In re Eilbert)*, 162 F.3d 523, 525 (8th Cir. 1998).

---

[2] On appeal, Wendover asserts, and the debtor does not dispute, that Bankers Trust was acting as the trustee for AMRESCO on the loan for the property.

On appeal, Wendover argues that the order confirming the plan must be set aside because, allegedly: (i) prepetition, the debtor defaulted on the terms of a note held by AMRESCO; (ii) Wendover's predecessor-in-interest, Bankers Trust as trustee for AMRESCO, held a foreclosure sale of the Property secured by AMRESCO's note on November 9, 1999; (iii) the Property was purchased at the foreclosure sale by Bankers Trust for $25,650; and, (iv) AMRESCO transferred servicing of the note and mortgage to Wendover effective December 1, 1999. Thus, according to Wendover, the Plan's terms violate Bankruptcy Code § 1322(c)(1)[3] (concerning the debtor's ability to cure a default secured by a lien on the debtor's residence) and should be set aside. Wendover also urges that foreclosure sale extinguished the debtor's interests in the Property and satisfied Wendover's alleged mortgage lien. Therefore, Wendover is not a creditor of the debtor and cannot be bound by the terms of the confirmed Plan.[4]

However, Wendover's arguments suffer from two manifest impediments: (1) none of the facts upon which Wendover relies are in the record, and (2) the legal arguments made by Wendover are being raised for the first time on appeal.

A. Debtor's Motion to Strike

The debtor filed a "Motion to Strike Appellant's Appendix" asking that Wendover's entire Appendix be stricken, or, alternatively, that designated exhibits be stricken. The basis of the motion is that the Appendix contains documents which were never introduced in the bankruptcy court, nor are they a part of the bankruptcy court's record. We grant the alternative relief requested by the Motion, and the

---

[3] Section 1322(c)(1) provides, in pertinent part, that "a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured . . . until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law . . . ." 11 U.S.C. § 1322(c)(1). Some courts have determined that this section means that a foreclosure sale conducted in accordance with applicable state law is final when the right to cure terminates. *See Impac Funding Corp. v. Simpson (In re Simpson)*, 240 B.R. 559, 561 n.4 (B.A.P. 8th Cir. 1999), and citations therein. "Other courts have held that § 1322(c)(1) means that the right to cure terminates at the time of the foreclosure auction (conducted pursuant to state law but regardless of state law on finality of the foreclosure process)." *Id.*, and citations therein.

[4] See 11 U.S.C. § 1327 (providing that "[t]he provisions of a confirmed plan bind the debtor and *each creditor*") (emphasis added).

3

documents labeled "A3" through and including "A8" are stricken from Appellant's Appendix and are not considered part of the record for review by this court.

It is well settled that "documents presented for the first time at the appellate stage of any proceeding are generally not considered part of the record for the review by the appellate court." *Hartford Fire Ins. Co. v. Norwest Bank (In re Lockwood Corp.)*, 223 B.R. 170, 174 (B.A.P. 8th Cir. 1998), *citing Huelsman v. Civic Ctr. Corp.*, 873 F.2d 1171, 1175 (8th Cir. 1989). "[O]nly those papers and exhibits filed in the [trial] court can constitute the record on appeal." *Huelsman*, 873 F.2d at 1175.

In *Huelsman*, the Eighth Circuit Court of Appeals granted a motion to strike an affidavit presented by appellant for the first time on appeal. *See id*. Thus, the stricken affidavit could not be considered by the court in ruling on the appeal. *See id*; *see also Shea v. Esensten*, 208 F.3d 712, 720 (8th Cir. 2000) (granting motion to strike portions of appellant's appendix and references to those documents in appellant's brief where the documents were not before the trial court when it ruled on the matter below); *Barry v. Barry*, 78 F.3d 375, 379 (8th Cir. 1996) (granting motion to strike and stating that "only evidentiary materials that were before the trial court at the time the . . . ruling was made" would be considered).

"When the interests of justice demand it," courts have recognized an exception to the general rule proscribing the consideration of documents presented for the first time on appeal. *See Dakota Inds., Inc., v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993); *Lockwood*, 223 B.R. at 174 n.3. However, "[t]his authority to enlarge a record is rarely exercised and is a narrow exception to the general rule . . . ." *Dakota*, 988 F.2d at 63. In *Dakota*, for example, the court applied the exception where the supplemental record contradicted a material misrepresentation made to the lower court by the other party. *See id*.

Here, Appellant offers no explanation as to the why the documents in question were never presented to the bankruptcy court.[5] *See Barry*, 78 F.3d at 379 (granting a motion to strike where no

---

[5] At oral argument on this appeal, but not in its brief, Wendover intimated that it did not receive proper notice of debtor's bankruptcy filing. However, as with the entire basis for Wendover's appeal, there is no evidence in the record which supports this. We do note though, that the law firm representing Wendover on appeal is the same firm that was listed on the debtor's creditor matrix as agent for Wendover's alleged predecessor-in-interest, Bankers Trust. Generally, where a creditor's attorney has

4

reason was offered regarding why the documents were not submitted to the lower court for its consideration). Therefore, the documents,[6] which appear to be copies of mortgage and loan papers, are stricken and we will not consider them in our review.

B. Issues Raised for First Time on Appeal

Wendover's entire appeal is predicated upon issues and arguments which Wendover raises for the first time on appeal: they were never presented to the bankruptcy court for consideration. In addition, as noted above, aside from the limited facts recited, there is no factual record establishing any of Wendover's assertions as true.

First, without a factual record to demonstrate the veracity of Wendover's assertions, it is not possible for us to determine that the bankruptcy court committed clear error in its factual findings. *See generally, Johnson*, 230 B.R. at 609; *Eilbert*, 162 F.3d at 525.

Second, issues raised for the first time on appeal are ordinarily not considered by an appellate court as a basis for reversal. *See Von Kerssenbrock-Praschma v. Saunders*, 121 F.3d 373, 375-76 (8th Cir. 1997); *Kelley v. Crunk*, 713 F.2d 426, 427 (8th Cir. 1983) (per curiam) (stating that this rule is "well settled"); *Guy v. Danzig (In re Danzig)*, 233 B.R. 85, 96 (B.A.P. 8th Cir. 1999) ("Ordinarily, we will not entertain issues raised for the first time on appeal."), *aff'd*, 217 F.3d 620 (8th Cir. 2000).

This rule has been consistently applied in bankruptcy matters on appeal. For example, in *Amtech Lighting Srvs. Co. v. Payless Cashways (In re Payless Cashways, Inc.)*, 230 B.R. 120 (B.A.P. 8th Cir. 1999), *aff'd* 203 F.3d 1081 (8th Cir. 2000), we declined to consider an issue raised for the first time on appeal where additional evidence would need to be presented and the outcome after presentation

---

actual knowledge of the debtor's bankruptcy case, this is considered sufficient notice to the creditor of not only the bankruptcy case, but also of applicable bar dates and filing deadlines. *See Lompa v. Price (In re Price)*, 871 F.2d 97, 99 (9th Cir. 1989); *Ford Motor Credit Co. v. Weaver*, 680 F.2d 452, 457 (6th Cir. 1982); *In re Tribble*, 205 B.R. 405, 406 (Bankr. Ark. 1997); *see also Tonelli v. United States*, 60 F.3d 492, 495 (8th Cir. 1995) ("As a general rule, notice to an agent is effective if the agent has a duty to receive that knowledge and report it to the principal.") (citations omitted). Moreover, Wendover never argued that it did not receive notice of the debtor's proposed Chapter 13 plan.

[6] Appellant's Appendix "A3" through and including "A8."

of such evidence was uncertain. *Amtech*, 230 B.R. at 140 n.13; *see also Drewes v. Schonteich*, 31 F.3d 674, 678 n.6 (8th Cir. 1994) (refusing to consider an argument which the trustee raised on appeal but did not raise in the bankruptcy or district courts); *Stumpf v. Albracht (Matter of Snover)*, 982 F.2d 275, 277 (8th Cir. 1992) (stating that the trustee was barred from raising a statute of limitations tolling argument which he failed to raise in the court below); *United States Trustee v. Harris*, 960 F.2d 74, 77-78 (8th Cir. 1992) (agreeing with the district court that the debtors' constitutional challenge to Bankruptcy Code § 707(b) could not be considered since they did not raise the issue in the bankruptcy court).

Three limited exceptions to the general rule have been recognized. First, the Eighth Circuit has recognized an exception in "*exceptional cases* where the obvious result would be a plain miscarriage of justice or inconsistent with substantial justice." *Kelley*, 713 F.2d at 427 (citations omitted) (emphasis added). Second, where the resolution of the legal issues is "beyond any doubt" an exception has been found. *See Miller v. FEMA*, 57 F.3d 687, 689 (8th Cir. 1995); *Thompson v. Brule*, 37 F.3d 1297, 1302 (8th Cir. 1994) (applying the exception where both parties agreed on the proper outcome of the new legal issue raised, and noting that this situation presented "one of the rare occasions" where deviation from the general rule was warranted). Third, courts have applied an exception where the new issue "involves a purely legal issue as to which additional evidence would not affect the outcome. No new evidence is necessary." *Krigel v. Sterling Nat'l Bank (In re Ward)*, 230 B.R. 115, 119 (B.A.P. 8th Cir. 1999).[7]

None of these exceptions are applicable. This is not an "exceptional case" where a plain miscarriage of justice will result. The resolution of the legal issues is very questionable. *See, e.g., supra* fn. 3 and accompanying discussion. And the issues raised by Wendover are not "purely legal" in nature but instead, the outcome is dependent, in part, on facts and evidence which are not a part of the record. This case is not the exception. It is a case which plainly calls for application of the general rule.

Courts have stated two reasons for the rule precluding an appellate court's consideration of issues raised for the first time on appeal: (1) "the record on appeal generally would not contain the findings necessary to . . . evaluat[e] . . . the validity of an appellant's arguments" and, (2) "there is an inherent

---

[7] Courts outside the Eighth Circuit have applied similar exceptions. *See R.D.F. Devs., Inc., v. Sysco Corp (In re R.D.F. Devs., Inc.)*, 239 B.R. 336, 340-41 (B.A.P. 6th Cir. 1999); *Franchise Tax Bd. v. Roberts (In re Roberts)*, 175 B.R. 339, 345 (B.A.P. 9th Cir. 1994).

injustice in allowing an appellant to raise an issue for the first time on appeal." *Praschma,* 121 F.3d at 376, *quoting Stafford v. Ford Motor Co.*, 790 F.2d 702, 706 (8th Cir. 1986) (citations omitted). In *Praschma*, the court found that both of these reasons were present where the record on appeal did not contain all of the factual findings necessary to fully evaluate appellant's new argument, and the appellee had no opportunity to introduce evidence on the new issue. *See Praschma*, 121 F.3d at 376.

In this case, both prongs of the rationale for the rule are implicated. Not only does the record on appeal contain insufficient findings, but it contains virtually no findings concerning the issues Appellant raises before this court, for the first time. As in *Praschma*, were we to attempt to address the legal issues raised herein, we would be operating in a "factual vacuum." *See Praschma*, 121 F.3d at 376. We decline to do so. Further, the debtor has had no opportunity to introduce evidence addressing the legal arguments Wendover makes for the first time on appeal. The only injustice that would occur here is if we were to consider Wendover's arguments. We conclude that none of the issues raised by Wendover on appeal were considered by the bankruptcy court below, and therefore, we shall not consider them. [8]

---

[8] Our decision in *Impac Funding Corp. v. Simpson (In re Simpson)*, 240 B.R. 559, 561 n.4 (B.A.P. 8th Cir. 1999) does not mandate a different result. In that case, appellant did not appeal an order confirming debtor's Chapter 13 plan, but instead, appealed the bankruptcy court's denial of appellant's motion to validate an alleged prepetition foreclosure sale and to obtain relief from stay. We dismissed the appeal as moot because there was no appeal from the order confirming the plan and thus, the order was final and binding. *See id*. at 560-61. In so doing, we stated, in dictum, that if a creditor disagrees with the treatment of its claim under debtor's plan, "the creditor's only potential remedy . . . is to appeal the order of confirmation." *Id*. at 562.

However, that statement was made in the context of a case where the creditor failed to object to the plan, failed to appeal the plan confirmation order, and instead, sought to collaterally attack the plan confirmation order by appealing the court's denial of a related motion. These circumstances raised the issue of res judicata, not, as in the instant appeal, the lack of a record on appeal. In *Simpson,* there was a record on appeal from the court below and the issues raised in the appeal had been raised below, via appellant's foreclosure validation and relief from stay motion. We certainly did *not* hold in *Simpson*, nor have we ever held, that a party may sit on the sidelines and fail to object to a proposed plan, fail to introduce any evidence into the bankruptcy court record, fail to raise any issues before the bankruptcy court, and then attempt to create a record and raise legal issues for the first time on appeal. Such a result would make us a trial court.

Wendover failed to object to confirmation of the plan, failed to offer evidence at the confirmation hearing and failed to avail itself of post-judgment remedies available to it under Federal Rules of Bankruptcy Procedure 7052, 9023 and 9024. By so doing, Wendover has forfeited its right to create a record or argue the propriety of the debtor's plan and the order confirming it.

## C. The Merit's of Appellant's Arguments

With no materially relevant factual record to review, and no legal issues raised by Wendover which we can consider, Wendover's arguments on appeal are unavailing. We conclude, as we must, that: the bankruptcy court made no erroneous findings of fact, nor any mistakes in its conclusions of law, in its determination to confirm debtor's Chapter 13 plan.

## D. Motion for Sanctions

The debtor also filed a "Motion for Damages and Attorney's Fees" seeking damages in the form of debtor's attorney fees and costs on appeal. The motion asserts that the appeal is frivolous based upon Wendover's failure to file any objections or pleadings, or to introduce any evidence, in the court below. The motion seeks relief pursuant to Federal Rule of Appellate Procedure 38. As F.R.A.P. 1 states, that rule is applicable only to proceedings in the United States courts of appeal. *See* Fed. R. App.. P. 1(a). The applicable rule here is Federal Rule of Bankruptcy Procedure 8020. This rule provides that the bankruptcy appellate panel "may" award damages and costs to the appellee if an appeal is deemed frivolous. *See* Fed. R. Bankr. P. 8020.

We have reviewed and considered appellee's motion, the response thereto and the briefs and record on appeal. Based upon our review, we conclude that this matter is not appropriate for awarding sanctions. The motion is therefore denied.

## CONCLUSION

The order of the bankruptcy court confirming the debtor's Chapter 13 plan is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT.