# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 00-6045EA

———

In re:

Roy Green

      Debtor.

Homeside Lending, Inc.,

      Appellant,

        v.

Roy Green, Debtor, and
David D. Coop, Trustee

      Appellees.

Appeal from the United States
Bankruptcy Court for the
Eastern District of Arkansas

———

Submitted: August 10, 2000
Filed: September 19, 2000

———

Before KOGER, Chief Judge, KRESSEL and SCHERMER, Bankruptcy Judges.

———

KRESSEL, Bankruptcy Judge.

      The debtor, Roy Green, filed a petition under Chapter 13 of the Bankruptcy Code on August 4, 1999. On April 5, 2000, the bankruptcy court[1] entered an order confirming the debtor's Chapter 13 plan.

---

[1] The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern and Western Districts of Arkansas.

No objections were filed to the plan. Appellant, Homeside Lending, Inc., appeals from the order confirming the plan. Because there is no record from the bankruptcy court below, and because Homeside's entire appeal raises legal issues never presented to the bankruptcy court, we affirm.

## BACKGROUND

The debtor filed a Chapter 13 petition on August 4, 1999. David D. Coop was appointed trustee. The debtor's Schedule A listed real property, a residence, with the debtor's interest valued at $20,000, with a secured claim of $14,522.72. In Schedule D, the debtor indicated that a $14,522.72 secured claim was held by "Homeside." Homeside acknowledges that it received notice of the debtor's bankruptcy.[2]

The "Chapter 13 Narrative Statement of Plan" submitted by the debtor listed Homeside as a secured creditor, and provided that both the "net payoff" and the "value" of Homeside's claim were $14,522.72, with no unsecured portion. The narrative indicated that, under the plan, the debtor would make monthly payments to Homeside in the amount of $242.05 for the 60-month life of the plan, and pay Homeside interest at the rate of 8.5 percent. Homeside did not object to the debtor's plan or otherwise enter an appearance. The bankruptcy court entered an order confirming the plan on April 5, 2000. On April 14, 2000, Homeside filed a timely Notice of Appeal from the order confirming the plan.

## DISCUSSION

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Johnson v. Border State Bank (In re Johnson)*, 230 B.R. 608, 609 (B.A.P. 8th Cir. 1999); *Eilbert v. Pelican (In re Eilbert)*, 162 F.3d 523, 525 (8th Cir. 1998).

On appeal, Homeside argues that the bankruptcy court's order confirming the plan must be reversed because, allegedly, the plan impermissibly modifies Homeside's rights in its security interest by: shortening the length of the loan by two years; reducing the amount of the regular monthly payments; and

---

[2] Homeside's counsel has also admitted that Homeside had notice of the debtor's Chapter 13 plan.

failing to provide payments required for interest,[3] property taxes and hazard insurance premiums. Homeside urges that the plan therefore violates 11 U.S.C. § 1322(b)(2).[4]

This appeal presents procedural issues which are virtually identical to those raised in *Wendover Fin. Srvs. v. Hervey (In re Hervey)*, ___ B.R. ___ (B.A.P. 8th Cir. 2000). As in that case, Homeside's arguments are unavailing because: (1) none of the "facts" upon which Homeside relies are in the record, and (2) the legal issues raised by Homeside are being raised for the first time before us.

A.  Lack of a Record on Appeal

The appendix on appeal submitted by Homeside contains documents which were never introduced in the bankruptcy court, nor are they part of the bankruptcy court's record. We strike those documents from the appellant's appendix and will not consider them.

It is well settled that "documents presented for the first time at the appellate stage of any proceeding are generally not considered part of the record for the review by the appellate court." *Hartford Fire Ins. Co. v. Norwest Bank (In re Lockwood Corp.)*, 223 B.R. 170, 174 (B.A.P. 8th Cir. 1998) *(citing Huelsman v. Civic Ctr. Corp.*, 873 F.2d 1171, 1175 (8th Cir. 1989)). "[O]nly those papers and exhibits filed in the [trial] court can constitute the record on appeal." *Huelsman*, 873 F.2d at 1175.

"When the interests of justice demand it," courts have recognized an exception to the general rule proscribing the consideration of documents presented for the first time on appeal. *See Dakota Inds., Inc., v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993); *Lockwood*, 223 B.R. at 174 n.3. However, "[t]his authority to enlarge a record is rarely exercised and is a narrow exception to the general rule . . . ." *Dakota*, 988 F.2d at 63. In *Dakota*, for example, the court applied the exception where the

---

[3]  Contrary to Homeside's claim, we note that the Chapter 13 Narrative Statement of Plan does indicate that interest would be paid at the rate of 8.5 percent. However, we do not know whether the plan approved by the bankruptcy court included a provision for interest since neither party included a copy of the plan in the record on appeal.

[4]  Section 1322(b)(2) generally provides that a plan may not modify the rights of holders of secured claims where the secured interest is in "real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2).

supplemental record contradicted a material misrepresentation made to the lower court by the other party. *See id.*

As in *Wendover,* appellant presents no reason why we should apply any exception here. *See Wendover*, ___ B.R. at ___, and citations therein. The only explanation offered by Homeside, for its failure to present the documents in question to the bankruptcy court, was that: "Homeside did not participate in [the debtor's] bankruptcy at the outset, because at the time [the debtor] filed his petition, he was current in his monthly payments."[5] This certainly does not rise to the level of the "interests of justice" demanding the inclusion of the newly presented documents in the record on appeal. Therefore, the documents, which appear to be copies of various deeds and loan papers, are stricken and we will not consider them in our review.

B. Issues Raised for First Time on Appeal

In *Wendover,* the appellant's entire appeal was predicated upon issues and arguments which the appellant raised for the first time on appeal: they were never presented to the bankruptcy court for consideration. There, we applied the well settled rule that issues raised for the first time on appeal are generally not considered by an appellate court as a basis for reversal. *See Wendover*, ___B.R. at ___, and citations therein. Finding no exceptions present warranting consideration of the new issues and arguments raised by the appellant, we held in *Wendover* that we would not consider them on appeal. *See Wendover*, ___ B.R. at ___, and citations therein.

Likewise in this case, all of the issues and arguments which Homeside raises are raised for the first time on appeal. Homeside never presented these arguments to the bankruptcy court. Homeside, which had notice of the debtor's bankruptcy case, never bothered to participate in the case until *after* the court entered an order confirming the debtor's plan. Homeside offers no explanation of why it did not object to the debtor's plan.[6] Homeside offers no reason whatsoever as to why we should apply any exception to the rule proscribing consideration of issues raised for the first time on appeal. For the reasons stated in our

---

[5] Appellant's Brief at 2.

[6] Homeside makes the completely unsupported, erroneous assertion that its "Notice of Appeal constitutes a timely objection." Were this true, creditors could ignore debtors' proposed plans, ignore the bankruptcy court, and treat appellate courts as trial courts.

opinion in *Wendover*, we conclude that since none of the issues raised by Homeside on appeal were ever considered by the bankruptcy court, we shall not consider them here. *See id.*

C.  The Merit's of Appellant's Arguments

Without a factual record to demonstrate the veracity of Homeside's assertions, it is not possible for us to determine that the bankruptcy court committed clear error in its factual findings. *See generally, Johnson*, 230 B.R. at 609; *Eilbert*, 162 F.3d at 525.  With no materially relevant factual record to review, and no legal issues raised by Homeside which we can consider, as in *Wendover*, Homeside's arguments on appeal are unavailing.  We conclude, as we must, that the bankruptcy court made no erroneous findings of fact, nor any mistakes in its conclusions of law, in its determination to confirm debtor's Chapter 13 plan.

CONCLUSION

The order of the bankruptcy court confirming debtor's Chapter 13 plan is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE
PANEL, EIGHTH CIRCUIT.