# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 14-6003

_____

In re: Allen W. Bird, II

*Debtor*

------------------------------

Larry Shaffer

*Plaintiff - Appellee*

v.

Allen W. Bird, II

*Defendant - Appellant*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 6, 2014
Filed: July 8, 2014

_____

Before KRESSEL, NAIL, and SHODEEN, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Allen W. Bird, II appeals the January 7, 2014 judgment of the bankruptcy court[1] determining the debt he owes to Larry Shaffer is nondischargeable. We affirm.

## BACKGROUND

In August 1986, Bird was appointed trustee in three related corporate chapter 11 bankruptcy cases in the Western District of Arkansas, which were subsequently consolidated for purposes of administration. Bird served as the trustee of the consolidated case–*In re NWFX, Inc.*, Bankr. No. 86-15148–for almost thirteen years.

When Bird filed his final report and account and application for final decree in *NWFX*, Shaffer, the equity security holder of the three corporate debtors, challenged Bird's handling of the case. The *NWFX* court found Bird had breached his fiduciary duty to the bankruptcy estate in a number of ways and further found Bird had committed fraud on the bankruptcy estate and the court. *In re NWFX, Inc.*, 267 B.R. 118, 253-56 (Bankr. W.D. Ark. 2001). As a consequence of Bird's fraud, the *NWFX* court ordered Bird to repay $199,979.26 to the bankruptcy estate for interim trustee fees he had received from the bankruptcy estate. *Id.* at 255.

In August 2003, the *NWFX* court entered judgment against Bird in favor of the bankruptcy estate for $199,979.26 plus interest from June 22, 2001. The judgment was assigned to Shaffer, and in September 2012, following an unsuccessful appeal to the Arkansas Court of Appeals by Bird, Shaffer was allowed to register the judgment as a foreign judgment in the Washington County (Arkansas) Circuit Court. *Bird v. Shaffer*, 2012 Ark. App. 464, 2012 WL 3854886 (Ark. App. 2012).

---

[1]The Honorable Timothy J. Mahoney, United States Bankruptcy Judge for the District of Nebraska, sitting by designation.

In November 2012, Bird filed his own petition for relief under chapter 11 of the bankruptcy code in the Eastern District of Arkansas. Shaffer filed a complaint to determine the dischargeability of the debt underlying the judgment. On Shaffer's motion for summary judgment under 11 U.S.C. § 523(a)(4),[2] the bankruptcy court, relying in large part on the findings in the *NWFX* decision, concluded the debt was nondischargeable and entered a judgment to that effect. Bird appealed.

## STANDARD OF REVIEW

We review *de novo* the bankruptcy court's grant of summary judgment. *Mwesigwa v. DAP, Inc.*, 637 F.3d 884, 887 (8th Cir. 2011). "We will affirm the grant of summary judgment if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(a)).[3]

## DISCUSSION

On appeal, Bird raises only two issues: (1) "[w]hether the record, when viewed in the light most favorable to Bird, shows that Shaffer was entitled to judgment as a matter of law such that Shaffer's claim against Bird is non-dischargeable in its entirety"; and (2) "[w]hether the record, when viewed in the light most favorable to Bird, shows that Shaffer's claim is enforceable against Bird such that Shaffer was entitled to judgment as a matter of law."

With respect to the first issue, Bird argues, without elaboration, Shaffer "has failed to present any evidence in support of [his] argument." This argument is

---

[2]Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

[3]Federal Rule of Civil Procedure 56(a) applies in adversary proceedings. Fed.R.Bankr.P. 7056.

without merit. In his statement of undisputed material facts in support of his motion for summary judgment (adv. doc. 25), Shaffer specifically "incorporated as if set out word for word" the findings in the *NWFX* decision. As noted above, that decision included a finding that Bird had breached his fiduciary duty to the bankruptcy estate and a further finding that Bird had committed fraud on the bankruptcy estate and the court. *Cf.* 11 U.S.C. § 523(a)(4).

In his statement of disputed facts in support of his objection to Shaffer's motion for summary judgment (adv. doc. 31), Bird did not dispute either of those findings. In fact, in his brief in support of his objection to Shaffer's motion for summary judgment (adv. doc. 28), Bird admitted "[t]here is no dispute that Bird's service as trustee in the matter of *In re NWFX, Inc.* was in a fiduciary capacity. Further, there is no dispute that the *In re NWFX, Inc.* court found Bird to have committed fraud on the debtor corporations' estates and the court."

Bird then argues, without pointing us to anything in the record to support his argument, "the fees that were found by the *In re NWFX, Inc.* court to have been received by Bird as a result of his fraudulent conduct were repaid to the [bankruptcy] estate. Therefore, the Judgment which forms the basis of [Shaffer's] claim consists only of amounts that were appropriately paid to Bird without any indicia of fraud." We disagree.

The *NWFX* court did discuss at length several payments it found to be fraudulent: a total of $88,000 that was paid to Bird or the Rose Law Firm for trustee fees and $41,527 that was paid to the Rose Law Firm for state bond fees. *NWFX*, 267 B.R. at 193-99. However, the *NWFX* court did not order disgorgement of only those payments. To the contrary, it stated repeatedly it was ordering disgorgement of Bird's *entire* trustee fee *and* it stated repeatedly it was doing so because of Bird's fraud on the bankruptcy estate and the court. *Id.* at 221, 255, 258. Consequently, even if Bird's fraud was in fact limited to the specified payments, the penalty imposed by the

*NWFX* court, *i.e.*, the debt for fraud or defalcation while acting in a fiduciary capacity, was Bird's entire trustee fee. *See Cohen v. de la Cruz*, 523 U.S. 213, 220 (1998) (interpreting "debt for" in the context of 11 U.S.C. § 523(a) to mean "'debt as a result of,' 'debt with respect to,' 'debt by reason of' and the like"). Bird's attempt to "bifurcate" that fee into the portion he feels he earned and the portion the *NWFX* court found he fraudulently paid himself (or his law firm) is simply not supported by the *NWFX* decision and the *Cohen* opinion.

In making this argument, Bird also overlooks entirely the fact the *NWFX* court found Bird breached his fiduciary duty to the bankruptcy estate in many other ways. *Id.* at 254-55, 257-58. The bankruptcy court noted "neither the memorandum opinion nor the supplemental order [in *NWFX*] uses the term 'defalcation.'" However, it concluded "the activities for which Bird was ordered to reimburse the estate[ ] fit into the various definitions cited by [*Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754 (2013)] for defalcation." Bird does not challenge this conclusion on appeal.

With respect to the second issue, Bird argues "it is unclear whether Shaffer complied with Arkansas law for reviving the Judgment, *i.e.*, obtaining a writ of *scire facias* or otherwise executing on the Judgment." This argument fails for several reasons.

First, Bird does not appear to have raised this issue before the bankruptcy court. While Bird did include a similar statement in his statement of disputed facts in support of his objection to Shaffer's motion for summary judgment (adv. doc. 31), he did not mention it in his brief in support of his objection (adv. doc. 28), which was his only opportunity to argue the point, inasmuch as the matter was submitted and decided without a hearing. "[I]ssues raised for the first time on appeal are ordinarily not considered by an appellate court as a basis for reversal." *Wendover Financial Services v. Hervey* (*In re Hervey*), 252 B.R. 763, 767 (B.A.P. 8th Cir. 2000) (citing *Von Kerssenbrock-Praschma v. Saunders*, 121 F.3d 373, 375-76 (8th Cir. 1997);

*Kelley v. Crunk*, 713 F.2d 426, 427 (8th Cir. 1983) (*per curiam*); and *Guy v. Danzig* (*In re Danzig*), 233 B.R. 85, 96 (B.A.P. 8th Cir. 1999)). An exception may be made in "*exceptional* cases where the obvious result would be a plain miscarriage of justice or inconsistent with substantial justice," *Kelley*, 713 F.2d at 427 (citations therein) (emphasis added); in cases in which "the resolution of the legal issues is beyond any doubt," *Hervey*, 252 B.R. at 768 (citing *Miller v. FEMA*, 57 F.3d 687, 689 (8th Cir. 1995), and *Thompson v. Brule*, 37 F.3d 1297, 1302 (8th Cir. 1994)) (internal quotation marks omitted); and in cases in which the newly raised issue "involves a purely legal issue as to which additional evidence would not affect the outcome," *Krigel v. Sterling Nat'l Bank* (*In re Ward*), 230 B.R. 115, 119 (B.A.P. 8th Cir. 1999). However, we do not believe this to be such a case. Bird has not demonstrated how our not considering this issue will result in a miscarriage of justice or is otherwise inconsistent with substantial justice. Bird has likewise not demonstrated this issue is purely legal or–to the extent it is legal–the resolution of this issue is beyond any doubt. Under the circumstances, "[t]he only injustice that would occur here is if we were to consider [this issue]." *Hervey*, 252 B.R. at 768. Consequently, we will not consider it.

Second, even if we were to consider the issue, Bird's equivocal statement that "it is unclear whether Shaffer complied with Arkansas law for reviving the Judgment" would not create a material issue of fact that would preclude summary judgment. Shaffer met his burden by showing the record did not contain a genuine issue of material fact and pointing out that part of the record that bore out his assertion. *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997). It was then incumbent on Bird, to defeat the motion, to "advance specific facts to create a genuine issue of material fact for trial." *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997). Bird was required to do more than show there was some metaphysical doubt; he had to show he would be able to put on admissible evidence at trial proving his allegation. *Id.* at 263 (citations therein). This he failed to do.

Finally, Bird's argument is disingenuous and presumes we are unaware of the *Bird v. Shaffer* opinion we referred to above. Having been the appellant in that case, Bird knows full well the Arkansas Court of Appeals specifically held "[a] judgment can be revived by bringing an ordinary civil action" and affirmed the decision of the lower court reviving and allowing Shaffer to register the *NWFX* court's judgment as a foreign judgment. *Bird*, 2012 WL 3854886 at *5. Bird makes no argument we are not bound by that decision. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *Powell v. Lane*, 375 Ark. 178, 184, 289 S.W.3d 440, 444 (Ark. 2008) (under Arkansas law, the doctrine of *res judicata* bars relitigation of a claim when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies.").

## CONCLUSION

Having reviewed the matter *de novo*, having determined there is no genuine issue of material fact, and having further determined Shaffer is entitled to judgment as a matter of law, we affirm the bankruptcy court's judgment determining the debt Bird owes to Shaffer is nondischargeable.

———————————————